COTTAGE STREET METHODIST EPISCOPAL CHURCH *vs.* EDWARD KENDALL, executor.

Middlesex. Jan. 11, 1876. — Jan. 3, 1877. COLT & ENDICOTT, JJ., absent.

A gratuitous subscription, to promote the objects for which a corporation is established, cannot be enforced unless the promisee has, in reliance on the promise sued on, done something, or incurred or assumed some liability or obligation; and it is not sufficient that others were led to subscribe by the subscription sought to be enforced.

CONTRACT to recover the amount of a subscription by Amos P. Rollins, the defendant's testator, towards the erection of a chapel for the plaintiff. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed the following bill of exceptions:

"It appeared that said church was organized in the manner shown by the records, and the trustees of the same chosen April 5, 1871, and said Rollins was chosen the treasurer of said trustees, and said church was reorganized, on account of some flaw in the organization, in August, 1872, with the same board of trustees — all of which appears in said records," but is not material to be particularly stated.

"In April, 1871, after said organization, an informal meeting of persons interested in building a chapel for said church was held at the house of said Rollins, of which certain persons acted as chairman and secretary. A subscription was thereupon opened to see how much could be raised for that purpose. Various persons announced their willingness to give different sums, and the secretary, at the time, in their presence and with their knowledge, wrote down their names, and the amounts so promised by each opposite thereto. Rollins was one of those so promising.

and said that his name might be put down for $500. He after-
wards within a short time acknowledged and ratified such sub-
scription orally. Being treasurer of the trustees, he also received
some payments from individuals on account of such subscrip-
tions.

" Some months after this meeting, and long before August,
1872, some trouble arose between Rollins and the other mem-
bers, and Rollins at their request withdrew from the office of
treasurer, and thereafterwards voluntarily ceased all participa-
tion in the affairs of the society, except that he remained one of
its trustees until the end of the year for which he was chosen,
and was present at the reorganization in August, 1872. No de-
mand was made on him for payment. He died in March, 1873.

" The chapel was built before Rollins's death, by and for the
use of the plaintiff. There was conflicting evidence as to whether
anything was done, or any liability incurred or obligation as-
sumed, by the plaintiff in reliance upon the subscription of
Rollins.

" The defendant contended that nothing was done, nor any
liability or obligation incurred or assumed, by the plaintiff in
reliance upon the subscription of Rollins ; that there was no con-
sideration for the promise, and that the plaintiff was not the
party to maintain this action ; and asked the court so to rule.

" But the court, without passing upon the question of fact,
whether the plaintiff, relying upon the subscription of Rollins,
had done anything or incurred or assumed any liability or obli-
gation, ruled that upon the facts above stated there was a suffi-
cient consideration for the promise of Rollins, and that the
plaintiff was the proper party to bring the action, and accord-
ingly found for the plaintiff. The defendant excepts to these
rulings."

*J. W. Hammond,* for the defendant.

*D. F. Crane,* for the plaintiff.

GRAY, C. J. The performance of gratuitous promises depends
wholly upon the good will which prompted them, and will not
be enforced by the law. The general rule is that, in order to
support an action, the promise must have been made upon a
legal consideration moving from the promisee to the promisor,
*Exchange Bank* v. *Rice,* 107 Mass. 37. To constitute such con-

sideration, there must be either a benefit to the maker of the promise, or a loss, trouble or inconvenience to, or a charge or obligation resting upon, the party to whom the promise is made.

A promise to pay money to promote the objects for which a corporation is established falls within the general rule. In every case, in which this court has sustained an action upon a promise of this description, the promisee's acceptance of the defendant's promise was shown, either by express vote or contract, assuming a liability or obligation, legal or equitable, or else by some unequivocal act, such as advancing or expending money, or erecting a building, in accordance with the terms of the contract, and upon the faith of the defendant's promise. *Fisher* v. *Ellis*, 3 Pick. 322. *Bryant* v. *Goodnow*, 5 Pick. 228. *Amherst Academy* v. *Cowls*, 6 Pick. 427. *Williams College* v. *Danforth*, 12 Pick. 541. *Thompson* v. *Page*, 1 Met. 565. *Ives* v. *Sterling*, 6 Met. 310. *Watkins* v. *Eames*, 9 Cush. 537. *Mirick* v. *French*, 2 Gray, 420. *Ladies' Collegiate Institute* v. *French*, 16 Gray, 196. *Athol Music Hall Co.* v. *Carey*, 116 Mass. 471. To the latter class belongs *Hanson Trustees* v. *Stetson*, 5 Pick. 506, in which the subscriptions were to increase a ministerial fund, and the court "found it a fact agreed" (whether in the case stated, or by counsel at the argument, does not clearly appear by the report) " that, in consequence of the accumulation of the fund by these means, the great purpose, viz., the settlement of a minister, has been effected."

Where one promises to pay another a certain sum of money for doing a particular thing, which is to be done before the money is paid, and the promisee does the thing, upon the faith of the promise, the promise, which was before a mere revocable offer, thereby becomes a complete contract, upon a consideration moving from the promisee to the promisor; as in the ordinary case of an offer of reward. *Freeman* v. *Boston*, 5 Met. 56. *Loring* v. *Boston*, 7 Met. 409. *Carr* v. *National Security Bank*, 107 Mass. 45, 48.

The suggestion in 5 Pick. 508, substantially repeated in 6 Met. 316, and in 9 Cush. 539, that " it is a sufficient consideration, that others were led to subscribe by the very subscription of the defendant," was in each case but *obiter dictum*, and appears to us to be inconsistent with elementary principles. Similar promises

ɔf third persons to the plaintiff may be a consideration for agree-
ments between those persons and the defendant; but as they
confer no benefit upon the defendant, and impose no charge or
obligation upon the plaintiff, they constitute no legal considera-
tion for the defendant's promise to him.

The facts in the present .case show no benefit to the defend-
ant, and no vote or contract by the plaintiff, and, although it
appears that the chapel was afterwards built by the plaintiff, it
is expressly stated in the bill of exceptions that the learned
judge who presided at the trial did not pass upon the question
of fact whether the plaintiff had, in reliance upon the promise
sued on, done anything or incurred or assumed any liability or
obligation.  It does not therefore appear that there was any
legal consideration for the promise upon which this action is
brought.                              *Exceptions sustained.*