[No. 11157.    Department One. — July 14, 1886.]

GRAND LODGE OF THE INDEPENDENT ORDER OF GOOD TEMPLARS OF THE STATE OF CALIFORNIA, APPELLANT, *v.* ELMA C. FARNHAM, EXECUTRIX, ETC., OF S. C. FARNHAM, DECEASED, RESPONDENT.

SUBSCRIPTION TO CHARITABLE OBJECT — LIABILITY OF SUBSCRIBER — ACCEPTANCE OF OFFER — DEATH OF SUBSCRIBER. — A promise to pay a subscription to help defray the expenses of some charitable object is a mere offer, which may be revoked at any time before it is accepted by the promisee; and an acceptance can only be shown by some act by the promisee whereby a legal liability is incurred or money is expended on the faith of the promise. If the promisor die before his offer is accepted, it is thereby revoked, and cannot afterwards, by any acts showing an acceptance, be made enforceable against his estate. The rule is otherwise when subscribers agree together to make up a specified sum, and where the withdrawal of one increases the amount to be paid by the others. In such a case, as between the subscribers, there is a mutual liability, and the co-subscribers may maintain an action against one who refuses to pay.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion.

*George A. Lamont,* and *Joel A. Harvey,* for Appellant.

*S. G. Hilborn,* and *F. W. Hall,* for Respondent.

BELCHER, C. C.—The court below sustained a demurrer to the complaint, and whether it erred in so doing or not is the only question presented for decision.

The facts as stated in the complaint are substantially as follows: —

The plaintiff was the owner of certain real property in Solano County, on which was erected the Good Templars' Home for Orphans. At the time of filing the complaint, and for a long time prior thereto, the home was conducted and managed by the plaintiff. In 1883 it was

deemed important to erect an addition to the home, so that a greater number of orphans could be taken care of thereat; and to raise money for that purpose, subscription papers were circulated and subscriptions solicited by an agent employed by the plaintiff.

In September, 1883, S. C. Farnham, the defendant's testator, subscribed one of these papers and placed opposite his name as the amount of his subscription one thousand dollars.

On the first day of December, 1883, Farnham died, leaving a will. The will was admitted to probate, and notice to creditors published, and then plaintiff presented to the executrix its claim for the one thousand dollars subscription, and the claim was rejected. In October, 1883, the agent employed to get subscriptions reported to the plaintiff the amount of money collected and then on hand, and the amount subscribed and unpaid, of which the larger part was the one thousand dollars subscribed by Farnham. The plaintiff afterwards, but it does not appear when, commenced to erect an addition to the home, and was still prosecuting the work when this action was commenced.

The demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The general rule is, that a promise to pay a subscription like that declared on here is a mere offer, which may be revoked at any time before it is accepted by the promisee. And an acceptance can only be shown by some act on the part of the promisee whereby some legal liability is incurred or money is expended on the faith of the promise.

If the promisor dies before his offer is accepted, it is thereby revoked, and cannot afterwards, by any act showing acceptance, be made good as against his estate. (*Pratt* v. *Trustees*, 93 Ill. 475; *Beach* v. *First M. E. Church*, 96 Ill. 179; *Phipps* v. *Jones*, 20 Pa. St. 260; *Helfenstein's*

*Estate,* 77 Pa. St. 331; *Cottage Street Church* v. *Kendall,* 121 Mass. 528.)

The rule is otherwise where subscribers agree together to make up a specified sum, and where the withdrawal of one increases the amount to be paid by the others. In such case, as between the subscribers, there is a mutual liability, and the co-subscribers may maintain an action against one who refuses to pay. (*George* v. *Harris,* 4 N. H. 533; *Curry* v. *Rogers,* 21 N. H. 247; 1 Wharton on Contracts, p. 719.)

Here it is not alleged in the complaint that the plaintiff entered into any contract, incurred any liability, or expended any money for the erection of an addition to the home for orphans before the death of Farnham. His subscription was therefore withdrawn by his death, and was not a valid claim against his estate.

Counsel for appellant cite *Christian College* v. *Hendley,* 49 Cal. 347, but that case is not in conflict with what has been said. And besides, the matter quoted from *Watkins* v. *Evans,* 9 Cush. 539, has since been held by the same court, in *Cottage Street Church* v. *Kendall, supra,* to be *obiter dictum,* and inconsistent with elementary principles.

We think the demurrer was properly sustained, and the judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the forgoing opinion, the judgment is affirmed.