CHARLES B. JORDAN v. PATRICK H. LAVERTY.

When there is a contract between two persons for the benefit of a third, the two may rescind at any time before acceptance by the third.

On demurrer to Pleas.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *Babbitt & Lawrence.*

For the defendant, *Clarence Linn.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiff sues to recover a certain sum of money which he alleges the defendant promised to pay to him for a consideration moving from a third party.

The facts set out in the declaration to show this situation are, in substance, to the effect that the defendant went into a certain business with one McClenan, and, for a specified consideration, agreed with the latter to pay one-half of certain specified debts, and among which was one due to the plaintiff of $1,500, and that afterwards this partnership was dissolved, and, in consideration of the transfer to him of all the interest of said McClenan in the assets of the business, he agreed to pay all the outstanding legal indebtedness of the partnership, among which was the above mentioned debt due to the plaintiff.

In bar of this ground of action the defendant filed two special pleas, which the counsel on both sides in their briefs have treated as, in legal effect, interposing the defence of a release by the before mentioned McClenan to the defendant from his obligation to pay the debts specified in the declaration.

These pleas are not by any means formally or accurately drawn, but, without further criticism, they will be interpreted by the court in the sense thus ascribed to them by the respective counsel.

It will be observed that the case as it appears on the record thus understood is this: one McClenan owed the plaintiff a certain sum of money; that sum the defendant, for a valuable consideration passed by McClenan to him, agreed to pay to the plaintiff, and that this undertaking was subsequently released by McClenan to the defendant. It was not denied that but for the release this action would have lain, that point having heretofore been decided by this court in the case of *Joslin* v. *The New Jersey Car Spring Co.*, reported in 7 *Vroom* 141, the contention of the counsel of the plaintiff being, that the undertaking of the defendant in favor of his client could not be released or abrogated without his assent.

It is to be noted that the plaintiff was no party, in any sense, to the agreement in question; he paid no part of the consideration on which it rested, but stood as a mere beneficiary under it. Nor does the record show that he accepted it, or was even aware of its existence until, by the action of the contracting parties, it had been extinguished, so far as such concurrence could have that effect.

In this condition of the facts, this court is of opinion that the contention of the plaintiff cannot prevail. No case has been cited that sustains the doctrine on which it rests. The legal principle on the subject is stated by Mr. Bishop, in his treatise on *Contracts*, § 1223, in these words, viz.: "Since a contract between two, in favor of a third, who had no part in it, is the mere tender of a benefit, the two can mutually rescind at any time before acceptance." This is deemed a correct statement of the law as sanctioned by all the authorities so far as has been observed.

The demurrer must be overruled.