PATTY & BROCKINGTON V. HILLSBORO ROLLER MILL COMPANY.

No. 27.

1. **Partner — Stock Subscription.** — A partner of a mercantile firm has not the right to bind the partnership upon a subscription to the capital stock of an incorporated company for the establishment of a roller mill, which was beyond the scope of the partnership business, and which was not consented to or ratified by the other.

2. **Right to Withdraw Subscription.**—A promoter of an intended corporation has the right to withdraw his subscription to the capital stock before organization. acceptance. and before any expense or liability has been incurred by the payee of the subscription.   In this case the subscription was held to have been withdrawn before acceptance. and with the consent of a member of the firm designated as payees in the subscription articles.

APPEAL from the County Court of Hill.   Tried below before Hon. J. G. ABNEY.

*Upshaw & Jordan,* for appellants.—1.  The court erred in rendering judgment for plaintiff, because defendants had withdrawn their subscription before the roller mill company had been organized, and before any liabilities or debts had been incurred or contracted.

2.  The defendants' amended answer, which was excepted to by plaintiff, and which exception was sustained by the court, constituted a good defense to plaintiff's action.    Said answer alleged, in substance, that after defendants had subscribed, and before the organization of the roller mill company, and before any debts had been contracted or liabilities incurred by reason of said subscription, he had applied to those who had the subscription list and those to whom the money was made payable, and had their subscription erased.    Swain v. Hill, 30 Mo. App., 436; Sayles' Treatise, ed. 1882, arts. 50–52; Hopkins v. Upshur, 20 Texas, 89; Doyle v. Glasscock, 24 Texas, 201; McCrimmen v. Cooper, 27 Texas, 113.

*Tarleton & Morrow* and *McKinnon & Carleton,* for appellee.—1.  A subscription such as the one in the record in this case is a mutual contract between the subscribers, and can not be revoked without the consent of

each and every one of the subscribers. Williams v. Ragan, 59 Texas, 438; Morgan v. Struthers, 131 U. S., 246; Threshing Machine Co. v. Davis, 40 Minn., 110; Glenn v. Bussey, 4 Cent. Rep., 609.

2. The contract in question contains the only conditions on which it could be avoided by the subscribers. The conditions are, that unless stock to the amount of $20,000 should be subscribed within ninety days, the contract should become null and void; it was further provided, that the plans, specifications, bond, and contract of J. H. Knox & Co. should be accepted by a board of directors to be elected by the stockholders. All the conditions set out in the contract were fully complied with.

LIGHTFOOT, CHIEF JUSTICE.—In October, 1889, appellants, with a number of others, signed the following subscription paper:

"HILLSBORO, TEXAS, October 23, 1889.

"*The State of Texas, County of Hill.*—Articles of Agreement.—We, the undersigned subscribers, agree to form an incorporated company for the purpose of building and operating a roller flour mill of 100 barrels of flour and 25 barrels of meal per day of twenty-four hours, in the city of Hillsboro, Hill County, State of Texas, and we each contract and agree to subscribe and pay for in cash the amounts set opposite our respective names, as follows, viz.: one-third payable when the building material is delivered on the ground; one-third when the machinery is placed in position; and one-third, or the balance, when the mill is started. The respective payments as herein provided to be made to J. H. Knox & Co.; provided, however, if stock to the amount of $20,000 is not subscribed within ninety days from date, this contract shall become null and void; provided, however, that the plans, specifications, bond, and contracts of J. H. Knox & Co. are accepted by a board of directors to be elected by the stockholders."

The subscription of Patty & Brockington was $500, and the Hillsboro Roller Mill Company having become organized under the statutes as a corporation, and having constructed the mill and put it into operation, brought suit in the court below to recover the amount of such subscription and interest.

Patty & Brockington, in their second amended original answer, set up, among other defenses, that they were partners as merchants doing a general dry goods and grocery business in Hillsboro; that the subscription was made without the knowledge or consent of J. R. Patty, one of the partners, and was beyond the scope of the partnership business, and that he had never in any manner ratified it. That on December 18, 1889, before there was an organization of the roller mill company, J. R. Patty, a member of the firm of Patty & Brockington, representing himself and his

partner, called upon several of the subscribers and notified them that they would not be bound by the subscription, and on that evening attended a meeting of the subscribers who had assembled for the purpose of organizing the company, and notified a number of them that they would not pay the subscription, and called upon J. H. Knox, the senior member of the firm of J. H. Knox & Co., to whom such subscription was made payable, and demanded that the subscription be erased, which he promised should be done, and that they should be released from any liability on account of such subscription. All of which was done before the organization of the company, and before any expense or liability was incurred by reason of such subscription; and that if said roller mill company had since incurred any liability by reason thereof, it had been done with full notice that they refused to be bound thereby. This special answer was stricken out on exception filed by plaintiff below, and judgment was rendered for plaintiff in the court below against Patty & Brockington for the amount of the subscription and interest.

The only two assignments of error which we deem it material to notice are upon the ruling of the court in striking out the special answer and in rendering judgment against appellants, when they had withdrawn their subscription before the company had organized, and before any debts had been contracted or liability incurred.

1. Did a partner of a mercantile firm have the right to bind the partnership upon a subscription to the capital stock of an incorporated corporation for the establishment of a roller mill, which was beyond the scope of the partnership business, and which was not consented to or ratified by the other? The question is elementary, and authorities seem unnecessary. In the case of Fore v. Hitson, 70 Texas, 522, the Supreme Court says: "It is a well recognized rule, that when one member of the firm uses the firm name outside the business of the firm, and it is so shown, that it then devolves upon the holder of such obligation to show authority for such use, which may be by direct or circumstantial evidence; or a subsequent ratification will supply authority." See, also, Nolan v. Simpson, 74 Texas, 218; Cook on Stock and Stockh., sec. 64.

The second question involves more difficulty. Has a promoter of an intended corporation the right to withdraw his subscription before the organization, and before any expense or liability has been incurred? In this case, the agreement of the subscribers was substantially this: To form an incorporated company to build a roller flour mill, and to subscribe and pay the amounts set opposite their respective names, at stated periods, payments to be made to J. H. Knox & Co.; provided, that $20,000 shall be subscribed within ninety days, and that the plans, specifications, bond, and contracts to be made with J. H. Knox & Co. should be accepted by a board of directors to be selected by the stockholders. In the case of Williams v. Rogan, 59 Texas, 438, the subscription was made by the in-

habitants of a county to assist in the erection of buildings for a high school, on a proposition made by a church to establish such a school, on a designated sum being contributed by the inhabitants.   Judge Stayton, in an able opinion, held, in effect, that the subscribers had the right to withdraw until the subscription was accepted by the church, but when accepted, it then became a contract between the parties, and was binding. He says:  " The party making the promise is bound to nothing until the promisee, within a reasonable time, engages to do, or else does or begins to do, the thing which is the condition of the first promise.   Until such engagement or such doing, the promisor may withdraw his promise, because there is no mutuality, and therefore no consideration for it."    1 Pars. on Con., sec. 450.   .

In the cases of Doyle v. Glasscock, 24 Texas, 201; Hopkins v. Upsher, 20 Texas, 89; and McCrimmen v. Cooper, 27 Texas, 113, it was held, that it was necessary before a recovery could be had upon a subscription, to show that some act had been done by the promisee, either an acceptance of the terms of the subscription, or an expenditure of money or labor.   One party can not be bound to a contract without binding both. At the time appellants withdrew their names from the subscription, they gave notice to J. H. Knox, whose firm was to build the mill, also to a number of the other subscribers at a regular meeting, including a party who was afterwards elected secretary of the corporation.   It does not seem that the subscription had yet been completed up to $20,000.   Certainly no organization had been perfected, and no subscription books of the intended corporation had been opened, no directors appointed, and no contract with J. H. Knox & Co. for the construction of the building had been made.   See Hotel Co. v. Bolton, 46 Texas, 633; Hotel Co. v. Tiernan, 46 Texas, 636.

Chief Justice Gray, of Massachusetts, thus lays down the rule:  "A promise to pay money to promote the objects for which a corporation is established falls within the general rule.   In every case in which this court has allowed a recovery upon a promise of this description, the promisee's acceptance of the defendant's promise was shown, either by express vote or contract, assuming a liability or obligation, legal or equitable, or else by some unequivocal act, such as advancing or expending money, or erecting a building in accordance with the terms of the contract and upon the faith of the defendant's promise."   College v. Kendall, 121 Mass., 530; Astol v. Carey, 116 Mass., 473; 1 Story on Con., 556; 1 Pars. on Con., 378; Cook on Stock and Stockh., sec. 84.

In this case, the appellants, according to the statements of their answer, not only withdrew their subscription before the organization and before any acceptance, and before the expenditure of any money, but with the consent of J. H. Knox, a member of the firm of J. H. Knox & Co., the payees, who promised to erase their name from the list of subscribers, and

this name does not appear to have been enrolled among the stockholders of the corporation when formed.

The court below erred in striking out the second amended original answer of defendants, and in rendering judgment against them under the facts proved.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 29, 1893.