[Civ. No. 145.  Second Appellate District.—March 15, 1906.]

BUCHTEL COLLEGE, Appellant, v. FRANCES A. CHAMBERLOIX, Executrix, and W. R. GUY, Executor of Will of ANNA JOHNSON, Deceased.

NOTE PAYABLE AT DECEASE—CONTRACT FOR SCHOLARSHIP IN COLLEGE—OFFER AND ACCEPTANCE—CONSIDERATION.—A proposition in writing by a college to a woman, on the day of the execution of her note thereto, that it would establish in her name and for the benefit of herself and heirs a perpetual scholarship therein to be issued at her death, if she would execute thereto her note for the sum of one thousand dollars, to be paid at the city of the location on her death, and her acceptance thereof on said day, by executing and delivering her note for that sum to the college for that purpose, constitutes a valid contract. The note is supported by a sufficient consideration in the agreement on the part of the college; and the validity of the contract on her part was not affected by the fact that the note was to be paid at her decease.

APPEAL from a judgment of the Superior Court of San Diego County.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Mills & Hizar, for Appellant.

W. R. Guy, for Respondents.

SMITH, J.—In this case judgment was rendered against the plaintiff on demurrer to the complaint. The complaint, besides other appropriate allegations, contains the following statement of the transaction out of which the alleged cause of action grew: ''That on or about the fourteenth day of July, 1884, said Buchtel College proposed and offered in writing to the said Anna A. Johnson, that it would establish in the name of said Anna A. Johnson, and for her benefit, and the benefit of her heirs, a perpetual scholarship in said Buchtel College, the same to be issued at her death, if said Anna A. Johnson would execute to the said Buchtel College her promissory note in the sum of $1,000.00 to be paid at Akron, Ohio, on her death. That on or about said fourteenth day of July, 1884, said Anna A. Johnson accepted the said offer and proposal so made by said Buchtel College by executing and delivering to the said Buchtel College her promissory note to the date aforesaid in words and figures following, to wit:

'' '$1,000.00                    Akron, Ohio, July 14th, 1884.

'' 'This memorandum witnesseth that I Anna A. Johnson, of Bay City, in the State of Michigan, do hereby agree and promise to pay to Buchtel College, located in the city of Akron, one thousand dollars, to be paid at my decease, for the purpose of founding and securing for myself and heirs a perpetual scholarship in said college. This obligation being given in lieu of a like provision in my last will and testament.                    ANNA A. JOHNSON.' ''

It is further alleged, in effect, that the terms of the contract as alleged had been fully performed by the plaintiff, and that the claim of plaintiff had been duly presented for approval to the executors, who rejected the claim for the reason thereon indorsed, which is as follows: ''Even if Miss Johnson signed the instrument upon which the above-men-

tioned claim is based, we do not think it a legal charge against her estate for the reason that, if a contract, it is without consideration, and if a gift, there was no transfer or delivery of the thing given.''

The only question involved is as to the sufficiency of the complaint to show a valid contract; and this question, we think, can be answered only in the affirmative. The proposition of the plaintiff is clearly and unequivocally stated, as is also the acceptance of the proposition by the defendants' testatrix. These constitute the essential elements of a contract, and the agreement of the plaintiff was a sufficient consideration. (Civ. Code, secs. 1605, 1609 et seq.) Nor was the validity of Miss Johnson's contract affected by the time provided for performance. It has frequently been held, with regard even to negotiable promissory notes, that they may be made payable after decease. (1 Daniel on Negotiable Instruments, sec. 46.) And the principle will apply *a fortiori* to ordinary contracts.

For these reasons, the judgment appealed from must be reversed, and the cause remanded, with directions to the lower court to overrule the demurrer to the complaint, and it is so ordered.

Gray, P. J., and Allen, J., concurred.