IN RE ESTATE OF EDWARD STACK, DECEASED.
JOHN HORAN v. JAMES J. KEANE.[1]

June 26, 1925.

No. 24,802.

**Procedure in district court on appeal from allowance of claim in probate court—promissory note.**

1. On appeal to the district court from an order of the probate court allowing a claim against the decedent's estate, the proceedings are virtually the same as though an action had been brought to enforce the claim in the lifetime of the decedent. Where a promissory note is the basis of the claim, the payee may enforce it, although the note was given for the benefit of another.

**Demand of payment of demand note unnecessary.**

2. A demand of payment is not a prerequisite to the enforcement of a note payable on demand.

**Promissory note for charitable subscription did not lack consideration.**

3. The decedent, who desired to contribute to the scholarship fund of a college, delivered his note to an officer of the college, whereupon the contribution was announced and induced others to make similar contributions. Large contributions were also made to the general endowment fund, and, in reliance upon all the subscriptions, the trustees

[1]Reported in 204 N. W. 546.

erected new buildings, added to the equipment of the college and enlarged its field of instruction. *Held* that payment of the note could not be avoided on the ground that it lacked consideration.

1. See Executors and Administrators, 24 C. J. pp. 341, § 971, 385, § 1069 (Anno).
2. See Bills and Notes, 8 C. J. pp. 406, § 602, 528, § 741.
3. See Subscriptions, 37 Cyc. pp. 486, 488.

3. See note in 48 L. R. A. (N. S.) 783; 25 R. C. L. p. 1402; 4 R. C. L. Supp. 1630; 5 R. C. L. Supp. 1375.

From an order of the probate court for Blue Earth county, Harry A. Johnson, J., allowing the claim upon the note in suit against the estate of Edward Stack, deceased, his administrator appealed to the district court where the appeal was heard by Comstock, J., who affirmed the order. The administrator appealed. Affirmed.

*C. O. Dailey*, for appellant.

*Hurd, Lenehan, Smith & O'Connor* and *A. R. Pfau, Jr.*, for respondent.

LEES, C.

This is an appeal from an order denying a new trial, made after the allowance by the district court of a claim against the estate of the decedent.

The claim is founded on a promissory note of $5,000 executed December 26, 1916, and made payable on demand to the claimant. The decedent died testate on June 2, 1921. His will, executed March 21, 1917, makes no mention of the note, but does contain a general direction for the payment of debts.

The claimant is the Archbishop of the Diocese of Dubuque and a member of the board of trustees of an educational institution known as Columbia College. Prior to the date of the note the trustees had created a fund to aid poor boys in getting an education. The decedent became interested in a project to obtain new subscriptions to the fund, and executed the note accordingly. The note was kept by the diocesan chancellor with other evidences of like contributions, but no attempt to collect it was made in decedent's lifetime.

At the time of its execution, the trustees were engaged in a campaign to enlarge the general endowment fund. It was their plan to use a portion of that fund for scholarships. In soliciting contributions, decedent's gift was frequently mentioned to induce others to make similar gifts. It was one of the first donations made and the publicity given to it seems to have borne fruit. The campaign resulted in the establishment of at least 30 new scholarships and in the contribution of over one million dollars to the general endowment fund. In reliance upon the subscriptions thus obtained, the trustees added largely to the buildings and equipment of the college and broadened the field of instruction. Some of these facts are set forth in the court's findings; others, not mentioned in the findings, were proved conclusively.

The claim was presented to the probate court in the name of Archbishop Keane. Appellant contends that Columbia College, instead of the archbishop, is the real party in interest and should have made the claim. This contention is based on G. S. 1923, §§ 8812, 8813. The provisions of these sections are not here important. After the appeal to the district court, the proceeding was virtually the same as though an action had been brought on the note in the lifetime of the maker, for, under section 8988, G. S. 1923, the issues raised by the pleadings were triable de novo.

There can be no question about the right of the payee of a note to bring suit in the district court in his own name, even though the note was taken for the benefit of another. G. S. 1923, § 9167. Moreover, the rule seems to be that the person to whom a charitable subscription is made payable is the proper party to enforce payment. 25 R. C. L. p. 1405.

As to appellant's second point, it is enough to say that a demand of payment was not a prerequisite; that is settled by First State Bank v. Utman, 136 Minn. 103, 161 N. W. 398.

The principal question is whether there was a consideration for the note.

It is a matter of common knowledge that in a large measure private schools and colleges depend on donations for their maintenance.

When a donor gives his note and later seeks to avoid payment on the ground that the note lacked consideration, the courts have usually found a way of holding him to his promise. The earlier doctrine was that such a promise was purely gratuitous. But the desire to give greater stability and security to institutions partially dependent upon donations for their existence and growth has brought about a marked departure from that doctrine.

The theory of many of the decisions is that it is not necessary that a consideration exist at the time of making a subscription; it may be supplied by the subsequent conduct of the beneficiary. Hence if, before the subscription is revoked, the beneficiary incurs liabilities and expense on the faith thereof, the promise ripens into an enforceable contract. Y. M. C. A. v. Estill, 140 Ga. 291, 78 S. E. 1075, 48 L. R. A. (N. S.) 783; Furman Univ. v. Waller, 124 S. C. 68, 117 S. E. 356, 33 A. L. R. 615, 25 R. C. L. p. 1402.

Another theory which has found acceptance is that, where several persons subscribe to a cause in which they have a common interest, the promises of the others constitute a consideration for the promise of each or, as it is sometimes put, mutual promises constitute reciprocal obligations. Brokaw v. McElroy, 162 Iowa, 288, 143 N. W. 1087, 50 L. R. A. (N. S.) 835; Irwin v. Lombard Univ. 56 Oh. St. 9, 46 N. E. 63, 36 L. R. A. 239, 60 Am. St. 727; Furman Univ. v. Waller, supra.

A third theory is that when, in reasonable reliance upon the promise, the promisee has been led so to act that he will suffer detriment if the promise is not kept, the promisor comes within the application of the doctrine of promissory estoppel. Beatty v. Western College, 177 Ill. 280, 52 N. E. 432, 42 L. R. A. 797, 69 Am. St. 242; Trustees of Troy Academy v. Nelson, 24 Vt. 189.

The several theories are discussed in Williston, Contracts, §§ 116, 139. To the distinguished author, neither the first nor the second seems logical. His conclusion is that the theory of promissory estoppel is the true one, for, near the end of section 116, he says:

"In truth the enforcement of charitable subscriptions is only to be supported if a promissory estoppel be regarded as a sufficient substitute for consideration."

The same view is expressed in 34 Harvard L. R. 220 in this language:

"A charitable subscription is clearly a promise to make a gift, without legal consideration. Nevertheless it seems unfair to allow the subscriber to avoid his solemn promise, in reasonable reliance on which liabilities have been incurred. * * * Promissory estoppel generally operates only to support a waiver. * * * But two cases have made it the basis of liability to an individual. Ricketts v. Scothorn, 57 Neb. 51, 77 N. W. 365; Switzer v. Gertenbach, 122 Ill. App. 26. And some have held it the foundation of liability for charitable subscriptions. Beatty v. Western College, 177 Ill. 280, 52 N. E. 432. Its uniform recognition in this field would harmonize the decisions and substitute truth for fiction in the opinions."

We shall not stop to consider the logic of the courts in their search for a consideration in this class of cases.

This court, in Albert Lea College v. Brown, 88 Minn. 524, 93 N. W. 672, gave its approval to the doctrine that a subscription is valid and enforceable, although no consideration passed to the promisor at the time of his promise, if, in reliance on the promise, the promisee incurred liabilities or expended money in furtherance of the purposes of the subscription or became responsible for the performance of the conditions imposed by the subscriber. That case alone is sufficient authority for the conclusion that payment of the decedent's note can be enforced. It is true that it presents a somewhat different state of facts, for there was an express acceptance of the donor's note, while here there was none, but an acceptance may be inferred from the conduct of the donee in retaining possession of the note and expending money on the faith thereof.

The archbishop testified that students were not received on the faith of the unpaid subscriptions, and this is the basis for the contention that the college did not change its position in reliance on decedent's promise to pay the amount of his note. In Brokaw v. McElroy, supra, the court said that where a subscriber contemplated

the announcement of his subscription, and it was announced, there was a sufficient consideration if other contributions were induced thereby, although they were not to be devoted to the same purpose or to become part of the fund to which the first subscription was made and irrespective of the fact that the first subscription was not the sole inducement to the other subscriptions or to the assumption of new burdens by the donee. It was also said that there need not be direct evidence that additional subscriptions were obtained or that burdensome activities were undertaken on the faith of the first subscription, if either fact might be fairly inferred from the evidence.

The trial court's conclusion that the note was supported by a legal consideration was based on a specific finding of the existence of personal friendship between the archbishop and the decedent, the latter's knowledge of the program for the expansion of the college, and his desire to add to the scholarship fund. At the argument, respondent's counsel frankly conceded that this is not a sufficient basis for the conclusion. The additional facts to which we have referred are not in dispute, hence we may assume them to be as proved and dispose of the case accordingly. See Breen v. Cameron, 132 Minn. 357, 157 N. W. 500.

We hold that the note became an enforceable obligation of the decedent prior to his death and that both the probate and the district courts were right in allowing it as a valid claim against his estate.

Order affirmed.

The Chief Justice and Mr. Justice Holt took no part.