[Civ. No. 8477. First Appellate District, Division One.—February 10, 1933.]

THE BOARD OF HOME MISSIONS AND CHURCH EXTENSION OF THE METHODIST EPISCOPAL CHURCH (a Corporation), Appellant, v. LOUISA I. MANLEY, Executrix, etc., Respondent.

542

Clark, Nichols & Eltse for Appellant.

M. A. Ross and Eloise B. Cushing for Respondent.

JAMISON, J., *pro tem.*—This action is upon a rejected claim against the estate of Martha D. Sanders, deceased. The claim is for a subscription or pledge by deceased for the benefit of plaintiff. The executrix of said estate by her answer set forth two defenses to said action. One of them was want of consideration and the other was the exercise of undue influence over the mind of said deceased in procuring her signature to the said subscription. The case was tried by the court, which found against defendant upon the ground of undue influence, but in her favor upon the defense of want of consideration. Judgment was thereupon rendered for defendant and from this judgment plaintiff appeals.

The question to be determined upon this appeal is whether or not the said claim is supported by a sufficient consideration. On October 30, 1929, the said deceased executed and delivered to appellant the following subscription or pledge: "Estate Pledge. To the Board of Home Missions and

Church ·Extension of the Methodist Episcopal Church. In consideration of my interest in Christian Missions and of the securing by the above named Board of other pledges for its work, and for value received, I hereby promise and agree to pay to The Board of Home Missions and Church Extension of the Methodist Episcopal Church, at 1701 Arch Street, Philadelphia, Pa., the sum of Five Thousand Dollars ($5000.00) which shall become due and payable one day after my death out of my estate. If any or all of the above sum be paid before its due date, the said Board will, if requested by me, issue its Annuity Bond or Agreement on the basis published by it, at the time of such payment or payments. (signed) Mrs. Martha D. Sanders.''

At the time this estate pledge was executed a pamphlet had been issued by appellant containing the terms of its annuity bonds. A copy of said pamphlet was delivered to deceased at the time she signed the estate pledge. This pamphlet provided for an annuity of from $4 to $8, dependent on the age of the bondholder, upon each $100 paid to appellant by the subscriber. Martha D. Sanders was seventy-three years old at the time she signed this estate pledge and therefore, according to the pamphlet, would have been entitled to an annuity of $7.30 on each $100 paid to appellant by her. She died on the 11th of June, 1930. Prior to her death she had made no payments on said estate pledge, and consequently no annuity bond had been issued to her by appellant. It was admitted that no money or property of any kind was received by deceased in exchange for said estate pledge at the time she signed same and delivered it to appellant or at any other time or at all.

The general rule is that the promise to pay a subscription is ordinarily a mere offer which in the absence of a consideration therefor may be withdrawn at any time before acceptance. Under such circumstances the death of the promisor revokes the pledge. (*Grand Lodge I. O. G. T.* v. *Farnham,* 70 Cal. 158 [11 Pac. 592] ; *University of Southern California* v. *Bryson,* 103 Cal. App. 39 [283 Pac. 949].) A subscription is considered as a mere offer until the beneficiary has accepted it, or has acted on the faith thereof so that his conduct implies an acceptance, and until such acceptance the promisor generally has the right to revoke the subscription. The death of the subscriber before the acceptance of the

subscription constitutes a revocation of the offer and the estate of the subscriber will not be liable on the subscription. (25 R. C. L. 1408; 60 Cor. Jur. 968.) An acceptance can only be shown by some act on the part of the promisee whereby some legal liability is incurred or money expended on the faith of the promise. (*Grand Lodge I. O. G. T.* v. *Farnham, supra.*) ■ However, there is an exception to this rule and that is that where there is a mutual promise by several individuals to contribute to the payment of an aggregate sum for the benefit of a charitable, religious or educational institution in which they are all interested, such mutual promise is generally held to support an adequate consideration authorizing its enforcement by the promisee. (*University of Southern Cal.* v. *Bryson, supra; Grand Lodge I. O. G. T.* v. *Farnham, supra;* 6 R. C. L. 676; 38 A. L. R. 906, note VI.)

■ There is no evidence in the case at bar indicating that appellant performed any acts or incurred any obligations or expense in reliance upon the payment of the said subscription of deceased prior to her death, or that other individuals concurred with her in contributing to the payment of an aggregate sum for the benefit of appellant. In its effort to show concurrence of other subscribers with deceased's subscription, appellant introduced in evidence the subscriptions of three individuals. Two of these were subscribed before the subscription of deceased was executed and the other one after her death. However, as these subscriptions were not for the payment of an aggregate sum to be used for a specified purpose upon which appellant had incurred any obligation or expense prior to the death of deceased, they cannot be said to be mutual promises sufficient to constitute a consideration for her subscription.

On December 19, 1929, deceased executed her will devising and bequeathing the property owned by her at the time of her death to her four children. The appraised value of her estate is $6,892.67.

■ Appellant contends that as the pledge was in writing it is presumed to be supported by a consideration. While this is true, this presumption is disputable and the true consideration or the want of consideration may always be shown by extrinsic evidence for the purpose of impeaching the contract notwithstanding that it states facts to show a

valuable consideration. (*Richardson* v. *Lamp,* 209 Cal. 668 [290 Pac. 14]; *Wurdeman* v. *Waller,* 88 Cal. App. 393 [263 Pac. 558]; Code Civ. Proc., sec. 1962, subd. 2.) The trial court found that deceased's pledge was not one of several reciprocal promises to contribute to an aggregate sum to be raised for the benefit of appellant, but was for contribution to a general fund of indefinite amount extending from more than forty years past to an indefinite future over a wide extent of territory.

There is no showing that between the date of deceased's pledge and the date of her death, that is to say, between October 30, 1929, and June 11, 1930, appellant performed any act or incurred any obligation or expense in reliance upon the payment of the said pledge by deceased. Therefore, we are of the opinion that the said estate pledge was without consideration and was revoked by the death of the said deceased.

Some additional points have been raised by respondent, but we deem it unnecessary to consider them.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 11, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1933.