ANDREW D. RICKETTS, EXECUTOR, v. KATIE SCOTHORN.

FILED DECEMBER 8, 1898.    No. 8526.

1. Note: GRATUITY: CONSIDERATION. A non-negotiable note given to the payee thereof as a gratuity, being nothing more than a promise by the payor to make a gift in the future of the sum of money therein mentioned, is without consideration, and cannot, except under special circumstances, be enforced by action.

2. ——: ——: ——: ESTOPPEL. A promissory note given by the maker to the payee to enable the latter to cease work, but without any condition being imposed or promise exacted, is without consideration and may be repudiated, in the absence of circumstances creating an equitable estoppel.

3. ——: ——: ——: ——. But where the payee of such an obligation has been induced to abandon a lucrative occupation in reliance on the note being paid, and has taken such action in accordance with the expectation of the maker, neither the latter nor his legal representatives will be permitted to resist payment on the ground that there was no consideration for the promise.

4. ——: ——: ——: ——. The note in suit was executed to the plaintiff by a relative to enable her to live without working; whereupon she abandoned the occupation in which she was engaged, and remained idle for more than a year. This action on her part was contemplated by the relative as the probable consequence of the execution of the note. *Held*, That want of consideration could not be alleged as defense.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Affirmed.*

The opinion contains a statement of the case.

*Ricketts & Wilson,* for plaintiff in error:

A promissory note which is not given for a valuable consideration, as distinguished from a good consideration, cannot be enforced. (*Stenberg v. State,* 48 Neb. 299; *Kirkpatrick v. Taylor,* 43 Ill. 207; *Blanchard v. Williamson,* 70 Ill. 647; *Pratt v. Trustees,* 93 Ill. 475; *Williams v. Forbes,* 28 N. E. Rep. [Ill.] 463; *Richardson v. Richardson,* 36 N. E. Rep. [Ill.] 608; *Fink v. Fink,* 18 Johns. [N. Y.] 145; *Hadley v. Reed,* 58 Hun [N. Y.] 608; *Hill v. Buckminster,* 22 Mass. 391; *Carr v. Silloway,* 111 Mass. 24.)

It was necessary to allege and prove a consideration. (*Courtney v. Doyle,* 92 Mass. 122.)

The question of consideration was one to be proved preliminary to the admission of the note in evidence, and it was for the court to decide this preliminary fact before admitting the note in evidence. (*Robinson v. Ferry,* 11 Conn. 460; *Merrill v. Berkshire,* 11 Pick. [Mass.] 269; *Bartlett v. Smith,* 11 Mees. & W. [Eng.] 483.)

Defendant in error's liberty to continue in her employment or to enter the employment of another was as untrammelled at the time and after she received the note as it had ever been, so far as the evidence shows. The evidence does not establish a consideration. (*Mecorney v. Stanley,* 62 Mass. 87; *Manter v. Churchill,* 127 Mass. 31; *First Nat. Bank of Arlington v. Cecil,* 32 Pac. Rep. [Ore.] 393.)

Where the controlling facts are undisputed, and different conclusions cannot be drawn therefrom, what the verdict should be is a question of law for the court, and it is the duty of the court to direct a verdict. (*Gardner v. Michigan C. R. Co.,* 150 U. S. 349; *Northern P. R. Co. v. Austin,* 24 U. S. App. 336; *Powell v. Powell,* 23 Mo. App. 365.)

Ricketts v. Scothorn.

*Lamb & Adams, contra:*

There was a sufficient consideration. (*Talbott v. Stemmons*, 89 Ky. 222; *Doyle v. Dixon*, 97 Mass. 213; *Parker v. Urie*, 21 Pa. St. 305; *Appeal of Clark*, 19 Atl. Rep. [Conn.] 322; *Emery v. Darling*, 33 N. E. Rep. [O.] 715.)

A promissory note imports a consideration. (*Flint v. Phipps*, 19 Pac. Rep. [Ore.] 543; *Wilson v. Wilson*, 38 Pac. Rep. [Ore.] 189.)

To uphold a contract, it is not necessary that the promisor should receive a consideration. It is sufficient if the promisee or other beneficiary sustains the least injury or detriment, or parts with anything of the least value on the faith of the contract. (*Houck v. Frisbee*, 66 Mo. App. 16.)

Forbearance from doing an act is evidence from which the jury may infer an agreement to forbear. (*Boyd v. Freize*, 5 Gray [Mass.] 553; *Walker v. Sherman*, 11 Met. [Mass.] 172; *Breed v. Hillhouse*, 7 Conn. 523.)

It is not necessary that a consideration should exist at the time the promise is made. Before revocation of the promise, performance of the acts required of promisee renders the promise obligatory. (*Train v. Gold*, 5 Pick. [Mass.] 380; *Hilton v. Southwick*, 17 Me. 303; *L'Amoreux v. Gould*, 57 Am. Dec. [N. Y.] 524; *Brown v. Ray*, 51 Am. Dec. [N. Car.] 379.)

The note was properly admitted in evidence. (*Stevenson v. Gunning*, 25 Atl. Rep. [Vt.] 697; *Martin v. Stone*, 29 Atl. Rep. [N. H.] 845.)

Additional references as to sufficiency of consideration: *Hamer v. Sidway*, 124 N. Y. 538; *Lindell v. Rokes*, 60 Mo. 249; *Earle v. Angell*, 157 Mass. 249; *Bretton v. Prettiman*, Sir T. Raym. [Eng.] *153; *Wilkinson v. Oliveira*, 27 E. C. L. [Eng.] 490.

SULLIVAN, J.

In the district court of Lancaster county the plaintiff Katie Scothorn recovered judgment against the defend-

ant Andrew D. Ricketts, as executor of the last will and testament of John C. Ricketts, deceased. The action was based upon a promissory note, of which the following is a copy:

"May the first, 1891. I promise to pay to Katie Scothorn on demand, $2,000, to be at 6 per cent per annum.  J. C. RICKETTS."

In the petition the plaintiff alleges that the consideration for the execution of the note was that she should surrender her employment as bookkeeper for Mayer Bros. and cease to work for a living. She also alleges that the note was given to induce her to abandon her occupation, and that, relying on it, and on the annual interest, as a means of support, she gave up the employment in which she was then engaged. These allegations of the petition are denied by the executor. The material facts are undisputed. They are as follows: John C. Ricketts, the maker of the note, was the grandfather of the plaintiff. Early in May,—presumably on the day the note bears date,—he called on her at the store where she was working. What transpired between them is thus described by Mr. Flodene, one of the plaintiff's witnesses:

A. Well the old gentleman came in there one morning about 9 o'clock,—probably a little before or a little after, but early in the morning,—and he unbuttoned his vest and took out a piece of paper in the shape of a note; that is the way it looked to me; and he says to Miss Scothorn, "I have fixed out something that you have not got to work any more." He says, "None of my grandchildren work and you don't have to."

Q. Where was she?

A. She took the piece of paper and kissed him; and kissed the old gentleman and commenced to cry.

It seems Miss Scothorn immediately notified her employer of her intention to quit work and that she did soon after abandon her occupation. The mother of the plaintiff was a witness and testified that she had a conversation with her father, Mr. Ricketts, shortly after the

note was executed in which he informed her that he had given the note to the plaintiff to enable her to quit work; that none of his grandchildren worked and he did not think she ought to.   For something more than a year the plaintiff was without an occupation; but in September, 1892, with the consent of her grandfather, and by his assistance, she secured a position as bookkeeper with Messrs. Funke & Ogden.   On June 8, 1894, Mr. Ricketts died.   He had paid one year's interest on the note, and a short time before his death expressed regret that he had not been able to pay the balance.   In the summer or fall of 1892 he stated to his daughter, Mrs. Scothorn, that if he could sell his farm in Ohio he would pay the note out of the proceeds.   He at no time repudiated the obligation.   We quite agree with counsel for the defendant that upon this evidence there was nothing to submit to the jury, and that a verdict should have been directed peremptorily for one of the parties.   The testimony of Flodene and Mrs. Scothorn, taken together, conclusively establishes the fact that the note was not given in consideration of the plaintiff pursuing, or agreeing to pursue, any particular line of conduct.   There was no promise on the part of the plaintiff to do or refrain from doing anything. Her right to the money promised in the note was not made to depend upon an abandonment of her employment with Mayer Bros. and future abstention from like service.   Mr. Ricketts made no condition, requirement, or request.   He exacted no *quid pro quo*.   He gave the note as a gratuity and looked for nothing in return.  So far as the evidence discloses, it was his purpose to place the plaintiff in a position of independence where she could work or remain idle as she might choose.   The abandonment by Miss Scothorn of her position as bookkeeper was altogether voluntary.   It was not an act done in fulfillment of any contract obligation assumed when she accepted the note.   The instrument in suit being given without any valuable consideration, was nothing more than a promise to make a gift in the future of the

sum of money therein named.` Ordinarily, such promises are not enforceable even when put in the form of a promissory note. (*Kirkpatrick v. Taylor*, 43 Ill. 207; *Phelps v. Phelps*, 28 Barb. [N. Y.] 121; *Johnston v. Griest*, 85 Ind. 503; *Fink v. Cox*, 18 Johns. [N. Y.] 145.) But it has often been held that an action on a note given to a church, college, or other like institution, upon the faith of which money has been expended or obligations incurred, could not be successfully defended on the ground of a want of consideration. (*Barnes v. Perine*, 12 N. Y. 18; *Philomath College v. Hartless*, 6 Ore. 158; *Thompson v. Mercer County*, 40 Ill. 379; *Irwin v. Lombard University*, 56 O. St. 9.) In this class of cases the note in suit is nearly always spoken of as a gift or donation, but the decision is generally put on the ground that the expenditure of money or assumption of liability by the donee, on the faith of the promise, constitutes a valuable and sufficient consideration. It seems to us that the true reason is the preclusion of the defendant, under the doctrine of estoppel, to deny the consideration. Such seems to be the view of the matter taken by the supreme court of Iowa in the case of *Simpson Centenary College v. Tuttle*, 71 Ia. 596, where Rothrock, J., speaking for the court, said: "Where a note, however, is based on a promise to give for the support of the objects referred to, it may still be open to this defense [want of consideration], unless it shall appear that the donee has, prior to any revocation, entered into engagements or made expenditures based on such promise, so that he must suffer loss or injury if the note is not paid. This is based on the equitable principle that, after allowing the donee to incur obligations on the faith that the note would be paid, the donor would be estopped from pleading want of consideration." And in the case of *Reimensnyder v. Gans*, 110 Pa. St. 17, 2 Atl. Rep. 425, which was an action on a note given as a donation to a charitable object, the court said: "The fact is that, as we may see from the case of *Ryerss v. Trustees*, 33 Pa. St. 114, a contract of the kind here in-

volved is enforceable rather by way of estoppel than on the ground of consideration in the original undertaking." It has been held that a note given in expectation of the payee performing certain services, but without any contract binding him to serve, will not support an action. (*Hulse r. Hulse,* 84 Eng. Com. Law 709.) But when the payee changes his position to his disadvantage, in reliance on the promise, a right of action does arise. (*McClure r. Wilson,* 43 Ill. 356; *Trustees v. Garvey,* 53 Ill. 401.)

Under the circumstances of this case is there an equitable estoppel which ought to preclude the defendant from alleging that the note in controversy is lacking in one of the essential elements of a valid contract? We think there is. An estoppel *in pais* is defined to be "a right arising from acts, admissions, or conduct which have induced a change of position in accordance with the real or apparent intention of the party against whom they are alleged." Mr. Pomeroy has formulated the following definition: "Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, or contract, or of remedy, as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right either of property, of contract, or of remedy." (2 Pomeroy, Equity Jurisprudence 804.)

According to the undisputed proof, as shown by the record before us, the plaintiff was a working girl, holding a position in which she earned a salary of $10 per week. Her grandfather, desiring to put her in a position of independence, gave her the note, accompanying it with the remark that his other grandchildren did not work, and that she would not be obliged to work any longer. In effect he suggested that she might abandon her employment and rely in the future upon the bounty which he promised. He, doubtless, desired that she should give

up her occupation, but whether he did or not, it is entirely certain that he contemplated such action on her part as a reasonable and probable consequence of his gift. Having intentionally influenced the plaintiff to alter her position for the worse on the faith of the note being paid when due, it would be grossly inequitable to permit the maker, or his executor, to resist payment on the ground that the promise was given without consideration. The petition charges the elements of an equitable estoppel, and the evidence conclusively establishes them. If errors intervened at the trial they could not have been prejudicial. A verdict for the defendant would be unwarranted. The judgment is right and is

AFFIRMED.