GAUSS–LANGENBERG HAT CO. v. ALLEY.

(Court of Civil Appeals of Texas. Amarillo. March 8, 1913.)

1. BILLS AND NOTES (§ 92*)—CONSIDERATION —DEBT OF CORPORATION.

A note given by a stockholder individually in settlement of a debt owing by the corporation on an open account was supported by a sufficient consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–212; Dec. Dig. § 92.*]

2. NOVATION (§ 1*)—ELEMENTS.

Where there was a previous valid indebtedness and agreement of the parties to the new contract, with an extension of time and a settlement of the old indebtedness, and the creation of a new one in substitution, all the essential elements of a novation were present.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4848–4851; vol. 8, p. 7733.]

Appeal from Lynn County Court; Geo. W. Perryman, Judge.

Action by the Gauss-Langenberg Hat Company against Jack Alley. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

W. D. Benson, of Lubbock, and Cooper, Merrill & Lumpkin, of Amarillo, for appellant. G. E. Lockhart, of Tahoka, for appellee.

HENDRICKS, J. This was a suit by the Gauss-Langenberg Hat Company, plaintiff in error, against Jack Alley, defendant in error, appealed from the county court of Lynn county. The Hat Company sued the defendant upon a promissory note, dated March 10, 1910, for the sum of $250.32, payable to the order of the plaintiff, maturing 180 days after date, and bearing interest at the rate of 10 per cent. per annum from date until paid and providing for the usual 10 per cent. attorney's fees, in the event of default in the payment of the note. The defendant in error answered "that said note was without consideration, in this, that the same was executed in payment of a certain open account due the plaintiff by the Jack Alley Company, a corporation duly incorporated, and that plaintiff was threatening to bring suit against the defendant on said account owing by said corporation, and that at that time defendant believed, and was led to believe by plaintiff, that he was personally liable for the debts of said corporation, when in fact and in law defendant was not then, nor is he now, liable for the debts and obligations of said corporation, and the consideration for said note has wholly failed." The case was tried by the court, who found in favor of the defendant, sustaining the plea of failure of consideration, and ordering the cancellation of the note.

[1] After the introduction of the note in evidence, and the proof of the attorney's fees, the defendant, Alley, testified in substance that he executed the note to the plaintiff "in the settlement of a debt, owing by Jack Alley Company, a corporation"; that he had received a letter from plaintiff in which plaintiff had threatened to sue him, but was unable to find said letter. He further testified that he had been engaged in business for himself, under the name of Jack Alley, and had bought some goods from plaintiff before the Jack Alley Company was organized and incorporated, and at the time of the incorporation of the Jack Alley Company he did not owe the plaintiff anything on his individual account. Prior to the time of the execution of this note the corporation "had ceased to do business," and defendant had been selected as trustee by the stockholders "some time before the execution of the said note to collect the accounts due said corporation and pay the debts thereof." He further said: "The corporation is now defunct, and all the assets have been used to redeem the stock and pay the debts for said corporation, except a few accounts" that he considered worthless. "At the time I executed said note, I thought I was liable as a stockholder of said corporation. I think that I wrote to the plaintiff that I would be personally liable for the debts of the corporation, but I am not sure. I know that I was not indebted to them in any amount on my personal account at the time that I executed said note."

We think the assignment of error, urged by the plaintiff in error in this matter, should be sustained. There is a specific statement by the defendant that he executed the note sued upon "in the settlement of a debt owing by Jack Alley Company, a corporation, to the plaintiff." There is no assertion by defendant that the plaintiff in error misrepresented any material fact inducing the execution of the promissory note, and if the threatened suit was an actuating cause, influencing the defendant to execute the note, assisted also by his belief that he was personally liable for the debts of the corporation, this does not constitute a defense in law avoiding his liability for the debt. There is no brief in the transcript in behalf of the defendant in error; but we presume that the trial court canceled the note upon the assumption of a failure of consideration as ingredient of the debt. It is, of course, a promise to pay the debt of another; but it is in writing, and if the indebtedness by the Jack Alley Company, a corporation, was settled by virtue of the execution of the new note by Jack Alley, individually, a sufficient consideration exists in the new note, and the latter can be enforced. It is true, we think, that a written promise to pay the debt of another is not validated by the statute of frauds unless it is sustained by a consideration, and it was not intended by that enactment to make a mere nudum pactum of an operative contract. It seems also to be the tendency of the authorities that where the obligor of the old indebtedness does not participate in the creation of the new debt in a contractual sense, and the old indebtedness is not suspended or canceled, and the obligee still retaining its action and rights against the old debtor, the new note is without consideration, although in writing; and the creditor is not entitled to reserve his action against both debtors.

This seems to have been decided by the Supreme Court of Alabama, in the case of Beall & Co. v. Ridgeway, 18 Ala. 117, where Judge Chilton said: "The record presents the case of a promise in writing on the part of the defendant Ridgeway to pay the debt of Reese, and this without any request upon the part of Reese, or any consideration for such promise. The promise to pay the debt of a third person must not only be in writing, but founded on a legal consideration; otherwise it is a nudum pactum and cannot be enforced if the want of consideration is shown." The case of Roller v. Sandifer, decided by Judge Finley, reported in 32 S. W. 824, seems to have been based upon the statute of frauds on account of the promise not having been in writing, and also upon the lack of consideration. In that case the

plaintiff had sold a soda fountain to H. C. Roller & Bro., who had conveyed their stock of goods to a trustee for the benefit of their creditors, preferring George Roller, the defendant in the suit, as one of the creditors, and who afterwards purchased the stock of goods, including the soda fountain, from the trustee, and took possession of the same. Judge Finley said in that case: "There is no pretense that the creditor ever released the other parties from the payment of the debt. * * * It was a plain verbal promise to pay the debt of another without any pretense of a consideration for such promise on the part of George Roller, who was the new debtor." However, we deduce from the authorities that, if there is a surrender or a settlement of the old indebtedness, the consideration is ample, and in this instance, of course, the statute of frauds has been complied with, and the above case is clearly distinguishable from the case at bar.

The case of Wilson v. Eaton, 127 Mass. 174, decided by the Supreme Court of Massachusetts, is illustrative of our proposition, which case evidences that an administrator surrendered a promissory note, made by the intestate, and which constituted the consideration for the execution of a new note given by the administrator personally. Chief Justice Gray said: "The judge before whom this case was tried without a jury has found as a matter of fact that the surrender to the administratrix of the note of her intestate was the consideration for the note made by her to the plaintiff. The surrender of the former note, whether that note was at the time of the surrender capable or incapable of being enforced at law, was sufficient to constitute a consideration for the new note."

[2] All the essential elements of a novation are existent in this record: A previous valid indebtedness; the agreement of the parties to the new contract, with an extension of time; the settlement of the old indebtedness; and the creation of a valid one in substitution. Cyc. Law & Procedure, vol. 29, p. 1130.

The defendant in error in this case, having pleaded that the note sued upon was in payment of the open account, and having testified that it was given in settlement of a debt owing by the Jack Alley corporation to the plaintiff, we necessarily find that the old indebtedness was canceled, and that the consideration for the new note was sufficient, and therefore this court will render such judgment as the trial court should have rendered upon the merits of the case.

It is ordered that this case be reversed and rendered, and that the judgment of the trial court be set aside, and that the plaintiff in error, Gauss-Langenberg Hat Company, a corporation, do have and recover of and from Jack Alley, the defendant in error in said cause, the sum of $357.80, including principal, interest, and attorney's fees, to bear interest from this date at the rate of 10 per cent. per annum, and that execution issue in terms of law for the purpose of executing this judgment, and that the defendant in error pay all costs accruing in both courts.

Reversed and rendered.