AMERICAN BLAKESLEE MFG. CO. *v.* MARTIN & SON.

[91 South. 6. No. 22457.]

NOVATION. *May be implied from circumstances; issue of novation held for jury.*

Where a creditor accepts a new debtor for the debt of the old, and deals with the new debtor as though primarily liable, novation may be implied from the circumstances, and is for the jury to determine, though a substitution of the new for the old debtor was not expressly understood between the parties.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Suit by the American Blakeslee Manufacturing Company against Martin & Son. Judgment for defendants, and plaintiff appeals. Affirmed.

*S. M. Graham,* for appellant.

We submit that taking this proof as a whole and giving it full weight under the law, that it is wholly insufficient to support a plea of novation as was held in the case of *Brooks* v. *Barkley,* 27 Miss. 320, 18 So. 419, and of *Clopton* v. *Matheny,* 46 Miss. 285, where the court held that: "Where a necessary article is purchased by a husband for the wife's plantation, it is immaterial, that it is charged to his account. If not so agreed, taking his note will not release her from liability; and, where not released, she may be held liable, even after he is pursued to insolvency on a note given by him."

So we submit under this authority that even though the Meridian Veneer Company had given notes to the American Blakeslee Manufacturing Company to cover the account of Martin & Son, and had been sued on those notes and pursued into bankruptcy, that the same could not prevent the American Blakeslee Manufacturing Company from turning around and suing Martin & Son unless it was agreed that Martin & Son should be released. That is, the agreement to release the original debtor is absolutely essential to a novation.

It does not appear what agreement, if any, was made between Martin & Son and the Meridian Veneer Company touching the account against Martin & Son held by appellant. It does appear however, that there was no agreement between the Blakeslee people on the one hand, and Martin & Son and Meridian Veneer Company on the other hand, by which Martin & Son was to be released on its account and the Meridian Veneer Company substituted as debtor in place of Martin & Son. But whatever agreement

might have been made between Martin & Son and the Meridian Veneer Company without the knowledge and consent of appellant, would not be binding upon appellant in any manner, shape or form as was held by this court in the case of *Van Eaton* v. *Napier,* 63 Miss. 220, where it was held that even though two joint debtors sold lands taking purchase money note payable to their common creditor, where the creditor had no knowledge of the agreement, that the creditor thereby acquired no interest in the note and sustained no relation to the agreement between the joint debtors. It was also held by this court in the case of *Kausler* v. *Ford,* 47 Miss. 289, that: "The novation of a debt secured by an expressed lien on real estate, or any part of such debt, by the substitution of a new note of the vendee, does not discharge the lien. To have this effect, it must be shown that such was the intent of the parties."

From which case we contend that a novation is not to be presumed and that the burden is upon him who alleges a novation to prove the same, for this holding by our court is also in line with the overwhelming weight of authority throughout the country. In the case of *Cummings* v. *Moore,* 61 Miss. 184, this court held that: "Acceptance of a note of a subvendee for land in substitution for that of a vendor does not discharge the lien of the first vendor." Again in the case of *Buchingham* v. *Walker,* 48 Miss. 609, this court held that: "Where a promissory note of a debtor has been accepted for a pre-existing debt and the note has not been transferred unless it was especially so agreed, the mere acceptance thereof will not be treated as payment of the debt."

We have found no case more exactly in point, involving the statement of facts in this case, than the case of *Hargadine McKitrick Dry Goods Company* v. *Goodman,* 45 So. 995, 55 Fla. 361, where it is held that: "A novation takes place by agreement of all the parties concerned, and where A undertakes to pay B's debts, the obligation assumed may be collateral to M's obligation rather than

substituted therefor, and, if intended as collateral, B's debt continues to exist, and this distinguishes such a case from one of novation in which B's debt would be extinguished."

We submit that from the undisputed proof of this record, that there was no intention expressed or implied on the part of appellant to release appellee as original debtor and that the promise of the Meridian Veneer Company to pay appellee's debt was only collateral to appellee's obligation, rather than being substituted therefor.

There can be no novation unless the Blakesley people intended to release Martin & Son and while their intent might be presumed under a different state of facts from that disclosed by this record, it is conclusively shown by this record that they did not intend to release Martin & Son for the reason that more than two months after the sale by Martin & Son to the Meridian Veneer Company, the Blakesley people were writing Martin & Son at Meridian, Mississippi, demanding payment of the account for one thousand and fifteen dollars and fifteen cents, the exact amount sued for herein against Martin & Son.

It is universally held that there must be a mutual agreement among the parties for the substitution of the new debt in place of the old. There must be an extinguishment of the old debt and an agreement to look to the new debtor alone, and the mere taking of a new debtor will not, standing alone, amount to a "novation." The taking by a creditor of a note from one who has assumed the debt is not a "novation" releasing the old debtor, there being no agreement to this effect. *Mr. Gimbal and Son* v. *King,* 95 S. W. 7, 43 Tex. Civ. App. 188; *Pimental* v. *Marques,* 42 Pac. 159, 103 Cal. 406; *Jackson Iron Company* v. *Negaudee Concentrating Co.,* 65 Fed. 298, 12 C. C. A. 636; *Stowell* v. *Gram,* 69 N. E. 342, 184 Mass. 562; *Western White Bronze Co.* v. *Portrey,* 50 Me. 601, 138 Mich. 515, 17 L. R. A. (N. S.) 1122, 115 C. C. A. 560, 12 C. C. A. 636; 21 Digest American English Ann. C., 1918, E. P. 1453; *McCallister* v. *McDonald,* 40 Mont. 375.

*Amis & Dunn,* for appellee.

Whether release of original debtor by novation of contract may be established by implication.

### Common-law Rule.

It is a thoroughly well-established rule in all jurisdictions in which the common law prevails that the release of the original debtor by a novation of a contract may be established by implication. England—*British Home Assur. Corp.* v. *Paterson* (1902), 2 Ch. 404; *In re National Provincial L. Assur. Soc.,* L. R. 9 Eq. 306; *In re International L. Assur. Soc.,* L. R. 9 Eq. 316; *Wilson* v. *Coupland,* 5 B. & Ald. 228, 7 E. C. L. 77; *In re National Provincial L. Assur. Soc.,* L. R. 6, Ch. 393. Canada—*Fraguhar* v. *Zwicker,* 41 Can. Sup. Ct. 30; *Stecker* v. *Ontario Seed Co.,* 20 Ont. L. Rep. 359; *Lewis* v. *D'Enteremon,* 29 Nova Scotia 546; See *Clark* v. *Ch. Hubbard Co.,* 10 Ont. W. Rep. 675. United States—*Illinois Car, etc., Co.* v. *Linstroth Wagon Company,* 112 Fed. 737, 50 C. C. A. 504; California—*Mitrovich* v. *Fresno Fruit Packing Co.,* 123 Cal. 379, 55 Pac. 1064. Illinois—*Walker* v. *Wood,* 170 Ill. 463, 48 N. E. 919, affirming 69 Ill. App. 542. Missouri—*Babbitt* v. *Chicago, etc., R. Co.,* 149 Mo. App. 439, 130 S. W. 364. Montana—*McAllister* v. *McDonald,* 40 Mont. 375, 387, 106 Pac. 882. New Hampshire—*Warren* v. *Batchelder,* 15 N. H. 129. New York—*Dewitt* v. *Monjo,* 46 App. Div. 533, 61 N. Y. S. 1046; *Lane* v. *United Oil Cloth Co.,* 103 App. Div. 378, 92 N. Y. S. 1061; *Regester* v. *Dodge,* 61 How. Pr. 108; See, also, *McLaughlin* v. *Gillings,* 17 Misc. 56, 41 N. Y. S. 22. Ohio—*Union Cent. L. Ins. Co.* v. *Hoyer,* 66 Ohio St. 344. Vermont—*Hard* v. *Burton,* 62 Vt. 320, 20 Atl. 269.

Thus it is generally agreed that an intent to release the original debtor is shown by the creditor's bringing suit against the new debtor. *Tysen* v. *Somerville,* 35 Fla. 210, 17 So. 567; *Arnold* v. *Lyman,* 17 Mass. 404, 9 Am. Dec. 154; *Osborn* v. *Osborn,* 36 Mich. 48. So where an insurance company assumes the risks of another company a policyholder sufficiently manifests his assent to the transfer by

bringing suit against the new company. *Whitney* v. *American Ins. Co.,* 127 Cal. 464, 59 Pac. 897. But in *Butterfield* v. *Hartshorn,* 7 N. H. 345, 36 Am. Dec. 741, it was held that neither demand nor bringing suit against the new debtor was sufficient to show a release of the original debtor.

When the dissolution of an old firm occurs and a new firm agrees to assume the liabilities of the old, but slight circumstances are required to justify a finding of an intention on the part of the creditor of the old firm who has notice of the dissolution and agreement to accept the liability of the new instead of the old firm. *In re Smith,* L. R. 4 Ch. (Eng.) 662; *In re Family Endowment Soc.,* L. R. 4 Ch. (Eng.) 27, 44; *Harris* v. *Farwell,* 15 Beav. (Eng.) 31; *Hart* v. *Alexander,* 2 M. & W. (Eng.) 484; *Stecker* v. *Ontarion Seed Co.,* 20 Ont. L. Rep. 359, 15 Ont. W. Rep. 374; *Regester* v. *Dodge,* 19 Blatch. (U. S.) 79, 61 How. Pr. (N. Y.) 107; *Harris* v. *Lindsay,* 4 Wash. 271, 11 Fed. Cas. No. 61, 124; *Tysen* v. *Sommerville,* 35 Fla. 219, 17 So. 567; *Jones* v. *Austin,* 26 Ind. App. 399, 59 N. E. 1082; *Athens First Nat. Bank* v. *Green,* 40 Ohio St. 431.

However, it has been held that neither knowledge of an agreement whereby a new firm takes up the debts of the old nor a partial payment of the debt, nor a demand for payment, nor all combined, necessarily establish assent as a legal conclusion. *Walker* v. *Wood,* 170 Ill. 463, 48 N. E. 919, affirming 69 Ill. App. 542. Nor will an agreement of firm creditors to look to a new firm be implied from mere silence. *Jones* v. *Austin,* 26 Ind. App. 399, 59 N. E. 1082; *Dewitt* v. *Monjo,* 46 App. Div. 533, 61 N. Y. S. 1046; *Re National Provincial L. Assur. Soc.,* L. R. 9 Eq. (Eng.) 306; *In re Medical etc., L. Assur. Soc.,* L. R. 6 ch. (Eng.) 362; *In re European Assur Soc.,* Arbitration act, 3 ch. C. (Eng.) 391 So. —; *In re Family Endowment Soc.,* L. R. 5 ch. (Eng.) 118; *In re National Provincial L. Assur. Soc.,* L. R. 9 Eq. (Eng.) 306.

To our mind the statement of the law contained in the foregoing note is conclusive of the question involved in

this case, and demonstrates beyond controversy that the act of the court in submitting the matters of fact to the decision to the jury was correct. We further submit that the case of *Brooks* v. *Barkley*, 72 Miss. 320, and *Clopton* v. *Matheny*, 48 Miss. 45, are not in point because they do not involve in any way any question of novation or substitution but merely a question of waiver. It being held in those cases where the husband purchases goods for his wife's plantation, that the mere bringing of a suit against the husband does not release the wife who is an undisclosed principal. Of course there being no agreement between husband and wife that the husband should be liable exclusively and no such agreement having been brought to the attention of the creditors, he could not be bound thereby nor could his conduct be referable to any such contract of agreement because no such existed.

In this case there was an agreement between Martin & Son and the Meridian Veneer Company, that the Veneer Company were to assume and pay the debt in question. This agreement was communicated to the plaintiff and the plaintiff accepted Veneer Company as the debtor and in pursuance of its acceptance of the Veneer Company as the debtor accepted a part payment of the debt, and thereafter pursued the Veneer Company not only by suit but to the end of the law in the bankruptcy court, and the only question here is, does such conduct on the part of the plaintiff evince and show the intent and purpose of the plaintiff to accept the Veneer Company as the debtor and release Martin & Son? And in this connection we may remark that the plaintiff could not claim that both parties, namely : Martin & Son, and the Veneer Company were indebted to it . If it chose the one it must release the other.

The case of *Van Eaton* v. *Napier,* 63 Miss. 220; *Kausler* v. *Ford,* 47 Miss. 289; *Cummings* v. *Moore,* 61 Miss. 184, are not in point because they refer to the question of novation and substitution of liens and evidences of indebtedness as between the same parties. We submit that the

case of *Dewitt* v. *Monjo,* 46 App. Div. 533, 61 N. Y. S. 1046, is decisive in this case.

We do not think that the single question here involved requires extended argument and so we shall content ourselves with referring to and quoting from the note in Annotated Cas., 1912D. 508, and 509.

HOLDEN, J., delivered the opinion of the court.

The appellant, American Blakeslee Maunfacturing Company, sued the appellees, Martin & Son, for one thousand and fifteen dollars, due for certain machinery purchased by Martin & Son, but which was delivered to the Meridian Veneer Company, who succeeded Martin & Son in the veneer business. Martin & Son defended against the claim on the ground that the Meridian Veneer Company received the machinery and assumed to pay appellant for it, and thereby Martin & Son were released from the debt by novation.

The case was submitted to the jury on the question of whether or not the appellant had released appellee and substituted the Meridian Veneer Company as the debtor. The jury found from the facts and circumstances in evidence that there was a novation; and from this verdict and judgment this appeal is prosecuted.

The facts and circumstances shown by the evidence are substantially as follows: Martin & Son owned and operated a veneer plant at Meridian, and ordered from the appellant certain machinery of the value of one thousand and fifteen dollars, which was shipped to Martin & Son. Before the machinery arrived at Meridian, Martin & Son sold and delivered the veneer plant to the Meridian Veneer Company, and this company received and put in use the machinery in operating the plant. Some time afterwards, about sixty days, the appellant was notified by Martin & Son that they had sold the veneer plant to the Meridian Veneer Company, and that the Veneer Company had received the machinery and assumed the debt of one thousand and fifteen dollars, the purchase price of the machinery.

Following this the appellant demanded payment from

the Veneer Company for the purchase price of the machinery, and received from it a partial payment. The Veneer Company, having assumed the indebtedness, was then making an effort to pay it. From time to time the appellant wrote letters to the Meridian Veneer Company in which it expressed an understanding that the Veneer Company had assumed the debt and would pay it; and finally, after about one year, the appellant sued the Veneer Company for the debt, and then pursued the debtor into the bankruptcy court endeavoring to recover its claim for the purchase price of the machinery.

At the trial of the case no express agreement was shown between Martin & Son and the appellant that the Meridian Veneer Company was to be substituted as the sole debtor for the machinery in the place of Martin & Son. And it also appeared in the proof that the appellant rendered a bill and made demand of Martin & Son for payment of the debt about two months after the sale of the plant to the Meridian Veneer Company. But it does not appear from the record that the appellant made any demands or in any way evinced an intention to hold Martin & Son for the debt after accepting the Meridian Veneer Company as the debtor and after notice by Martin & Son that the Meridian Veneer Company had purchased the machinery and assumed the debt.

The simple question in the case is whether or not there was sufficient evidence introduced to warrant the jury in the finding of a novation, either express or by implication. If so, then the case was properly submitted to the jury, and there is no error.

The rule is well settled that the release of one debtor and the substitution of another may be implied from the facts and circumstances, though no express substitution is shown. And when the proof substantially tends to show that the creditor impliedly accepted the new debtor in the place of the old, and it does not appear that the creditor clearly intended to hold both the new and the old debtor

for the debt, it is a question of fact for the jury as to whether there is a novation and release of the old debtor.

We think the proof in this case was sufficient to submit the issue of novation to the jury for its decision, because it reasonably appears, from the facts and circumstances, that the appellant, when notified that the Veneer Company had received the machinery and agreed to pay for it, then began to demand payment from the Veneer Company and considered it primarily liable for the debt, and relied no longer upon Martin & Son to pay it.

This intention of appellant to accept and substitute the Veneer Company in the place of Martin & Son was further evidenced by its continuous pursuit in the collection of the debt from the Veneer Company, even following into the bankruptcy court a year after it had agreed with the Veneer Company to hold it for the debt.

There is no conclusive proof in the record showing that appellant intended to hold both the new and old debtor for the debt, after the Veneer Company assumed the debt and the appellant accepted the new debtor. We think the jury was warranted in finding that the acts and conduct of the appellant impliedly proved the intent to accept the Veneer Company as the sole debtor in the transaction.

We find no decisions of our court that are exactly in point, but the authorities in other jurisdictions seem to be universal in holding that novation by implication may follow where the facts and circumstances demonstrate that it was the intention of the parties to substitute one debtor for another. The case of *De Witt* v. *Monjo,* 46 App. Div. 533, 61 N. Y. Supp. 1046, announces the rule very clearly, and in its facts is very much like the case before us.

The judgment of the lower court is affirmed.

*Affirmed.*