## KIESS v. BALDWIN.
### No. 6757.

United States Court of Appeals for the District of Columbia.

Decided April 5, 1937.

J. Leonard Townsend and William J. Neale, both of Washington, D. C., for appellant.

Swagar Sherley, Charles F. Wilson, and Henry B. Weaver, Jr., all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District of Columbia (now the District Court of the United States for the District of Columbia[1]) entered upon a verdict directed for the plaintiff (appellee). The suit was upon a promissory note. The defense was absence of consideration.

The plaintiff, receiver of the Commercial National Bank of Washington, D. C., a corporation, declared that the defendant (appellant) on July 11, 1929, signed and delivered to the Bank her promissory note in the sum of $12,352.20, payable on demand, and alleged due presentment, demand, dishonor, notice to the defendant, protest, and nonpayment except in respect of certain interest and principal payments set forth. The note declared on, which was set out in terms in the particulars of demand, was in the usual negotiable form reciting value and the deposit of collateral security and providing for realization upon the collateral in the event of default. The plea of the defendant admitted the execution and delivery of the note, but, upon the ground of absence of consideration, denied indebtedness. She pleaded:

"This defendant denies that she is indebted to the plaintiff on account of said note for that same was made and signed by her without any consideration to her moving on account of the same and alleges and avers the fact to be that on or prior to the date of said note, to wit, July 11, 1929, her now deceased husband, Edgar R. Kiess, had purchased from or through the Commercial National Bank of Washington, District of Columbia, cer-

---

[1] Act of June 25, 1936, 49 Stat. 1921.

tain securities, the exact nature and value whereof this defendant cannot state.

"That the said . . . Bank, in payment of said securities had received from her said husband in full payment and satisfaction of said securities, the note of her said husband in the sum of $12,-352.20, which was the sole and only consideration for the execution by her husband of said note;

"And that thereafter . . . the said . . . Bank . . . without any consideration whatsoever moving to this defendant, demanded of and received from her the note herein sued upon as further security for the payment by her husband of the purchase price of said securities."

This plea was tested under demurrer in a previous case and held valid. Kiess v. Baldwin, 64 App.D.C. 66, 74 F.(2d) 470. The court there said:

"In our opinion this plea sets out a valid defense to the action. It alleges that the defendant signed the note in question upon the demand of the bank solely in order to serve as additional security for the note of her husband, which had already been executed and delivered by him to the bank as a fully completed transaction upon a consideration in which the defendant had no part. Under these circumstances, which are conceded by the demurrer to be true, the defendant was not liable upon the note, inasmuch as no consideration existed to support its execution by her." [64 App.D.C. 66, at page 68, 74 F.(2d) 470, at page 472].

At the trial of the instant case the plaintiff produced the original note, proved the signature of the defendant thereon, introduced testimony to the effect that the note was in his custody as receiver, introduced the note in evidence, and rested. The defendant's sole proof was the testimony of one R. Golden Donaldson, who, at the time of the transactions involved, was president of the Bank. His testimony was to the following effect: Early in July, 1929, Edgar R. Kiess, the defendant's husband, requested the Bank through Mr. Donaldson to make him a loan to purchase thirty shares of National City Bank stock. Mr. Donaldson acceded to the request and put in an order for the purchase of the stock. Mr. Kiess gave, and Mr. Donaldson accepted, his demand collateral note for the full amount of the purchase price.

"'Several days later it occurred to me [Mr. Donaldson] as a banker that I should get all the security I could for the payment of the note and I told Mr. Kiess I ought to have his wife's signature on the note.'

"Subsequently, Mr. Kiess brought in a new demand collateral note signed by his wife as maker and endorsed by him, covered by the same collateral as the previous note (which is the note sued upon herein). 'I substituted the new note of Mrs. Kiess, guaranteed by me, for the note of Mr. Kiess.'

* * *

". . . 'and when I received the new note signed by Mrs. Kiess and endorsed by Mr. Kiess and guaranteed in writing by me, I substituted it for the note Mr. Kiess had previously given to me and surrendered the old note to Mr. Kiess. I preferred her note, guaranteed by me, to Mr. Kiess' note.'

* * *

"'I at no time had any discussion with Mrs. Kiess regarding the transaction as my entire dealings had been with Mr. Kiess in the matter. My object in requesting the signature of Mrs. Kiess to the note was to get all of the security I could for the payment of the debt.'"
Upon this testimony by Mr. Donaldson the defendant rested.

Thereupon the court granted a motion by the plaintiff for a directed verdict and instructed the jury to return a verdict in favor of the plaintiff. This the jury did, and the usual exceptions were entered for the defendant. A motion for a new trial was thereafter made and overruled, and an exception allowed for the defendant, and on February 28, 1936, the court entered a judgment in favor of the plaintiff. This appeal was then taken.

The sole question raised by the assignment of errors is the propriety, under the evidence, of directing the verdict, the point being that there was some evidence from which the jury could have concluded, in the defendant's favor, that there was an absence of consideration for the note. The defendant's point rests upon two propositions: first, that the taking by the Bank of the defendant's note did not extinguish the obligation of the husband, which therefore remained standing; second, that the proof on the defendant's part constituted evidence sufficient for the

jury to the effect that the defendant's note was taken as security for the husband's obligation.

D.C.Code (1929) tit. 22, § 31, 31 Stat. 1399, c. 854, § 1328, provides that:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

■ Under this statute the plaintiff made a *prima facie case* by the authentication and introduction of the note. D.C.Code (1929) tit. 22, § 35, 31 Stat. 1399, c. 854, § 1332, provides that:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

This statute, as well as the ruling of this court in Kiess v. Baldwin, supra, supports the defendant's defense if the same is itself supported by proof sufficient to go to the jury.

As to the first proposition—that the acceptance of the defendant's note did not extinguish her husband's obligation, which remained standing: For this the defendant cites a number of cases to the effect that the taking of a promissory note does not necessarily constitute payment of an obligation. Be that as it may, the defendant's own pleading defeats her on this topic for, as will have been noted above, she in terms stated:

"That the said . . . Bank, in payment of said securities [meaning the National City Bank stock] had received from her said husband *in full payment and satisfaction* of said securities, the note of her said husband in the sum of $12,352.20, which was the sole and only consideration for the execution by her husband of said note; . . ." [Italics supplied]

■ Under this pleading the husband's note operated as payment of his original obligation, and therefore that obligation was non-existent even before defendant gave her note.

■ As to the second proposition for the defendant—that there was evidence on her part sufficient for the jury to the effect that her note was solely security for the husband's obligation: As appears from the statement above, there was no evidence in the case for the defendant except the testimony of the witness Donaldson. The defendant herself did not testify. There is no evidence in the case that the defendant did not give her note in exchange for her husband's note, or with the intention that it should be substituted for her husband's note, the latter to be surrendered. There is no evidence that she gave her note only as security. The only evidence in the record touching the question of security is that of Mr. Donaldson who said that he asked the husband to get his wife's name on his, the husband's, note as additional security. But the whole of Mr. Donaldson's testimony makes clear that this request on his part for the Bank was not complied with, and that on the contrary what actually happened was that the husband delivered the defendant's note to the Bank, which took it in substitution for his own, and surrendered the latter to him. There is no evidence in the case that this transaction was against the consent of the defendant. If the defendant gave her note solely as security the Bank could not without her consent, except upon some theory of apparent authority in her husband, not here involved, treat it otherwise. Cf. Williams v. Hasshagen, 166 Cal. 386, 137 P. 9.

■ The surrender of one note and the taking of another in substitution therefor is a valid consideration for the latter. Home State Bank v. DeWitt, 121 Kan. 29, 245 P. 1036; Travis v. Unkart, 89 N.J.Law, 571, 99 A. 320, Ann.Cas.1917C, 1031; Pauly v. O'Brien (C.C.) 69 F. 460; see Brannan, Negotiable Instruments Law Annotated (5th Ed. 1932) 348, 352. Surrender constitutes a detriment—the giving up of an instrument which the party making the surrender is entitled to keep and enforce. The fact that no consideration moves to the maker of the substituted note is immaterial, since under D. C.Code (1929) tit. 22, § 36, 31 Stat. 1399, c. 854, § 1333:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of tak-

ing the instrument knew him to be only an accommodation party."

In view of the foregoing we think there was no evidence from which a jury could have concluded that there was an absence of consideration. The judgment of the trial court is

Affirmed.