GREENWOOD LEFLORE HOSPITAL COMM. *v.* TURNER.

Feb. 4, 1952.

No. 38221 (56 So. (2d) 496)·

**Porter W. Peteet,** for appellant.

**Wm. S. Turner,** for appellee.

**Lee, J.**

Greenwood Leflore Hospital Commission sued Richard B. Turner to recover a sum of money, growing out of an alleged novation. At the close of the plaintiff's evidence, the trial judge sustained the defendant's motion to exclude the evidence and direct a verdict for him. From the judgment entered, the Hospital Commission appeals.

Miss Eunice Johnson, sister-in-law of appellee, was a patient in the appellant's hospital. Her bill aggregated the sum of $402.50 for the period from January 7th to February 20, 1949. Appellee and his wife were in the hospital on February 26, 1949, when the bill was presented, and appellee offered to pay it. To consummate the payment, he signed and delivered to appellant a check or customer's draft, drawn on the Peoples Bank & Trust Company of Carrollton, Mississippi, for the amount of the bill. The receipt was made out in Miss Johnson's name and was given to appellee in full payment of her account to that date. Appellee thereafter stopped payment on the check, and when, in due course, it was presented to the bank, payment was refused. Miss Johnson was not consulted at the time of the transaction

because it was against the policy of the hospital to ask sick people to pay bills. Neither was an account thereafter rendered to her, because the appellant considered that she had been discharged from the debt.

In Adams v. Power, 48 Miss. 450, it was recognized that ▮▮ a novation may occur where the debt remains the same, but a new debtor is substituted. In such event, the original debtor is acquitted, his obligation is extinguished, and the creditor contents himself with the obligation of the second debtor.

In Allen v. Smith & Brand, 160 Miss. 303, 133 So. 599, 601, it was said: "The question to be kept in mind always is whether or not the person making the promise is entering into an original or a collateral obligation. If it be the former, the Statute of Frauds does not apply; if the latter, it does."

Miss Johnson was indebted to the appellant. No payment had been made over a period of five or six weeks. It is well known that, with many people, debt is a source of worry and anxiety. It is easy to conceive that the motivating cause of appellee's beneficence in discharging the debt was to relieve his sister-in-law from worry and anxiety. Is the discharge of debt a sufficient consideration for the new contract?

▮▮ The consideration "need not be pecuniary, or even beneficial to the person promising. If it be * * * the relinquishment of a right, as the discharge of a debt, * * * it is sufficient. In relation to novation contracts where the promise is to pay another's debt, in consideration of his being discharged, it seems to be well settled now that there need be no consideration moving between the person promised for, and the person who promises." 39 Am. Jur. 267, Section 22. See also 66 C. J. S., Novation, Section 19, pages 708-709.

The next question that arises is, did the concurrent delivery of the check to the appellant and Miss Johnson's receipted bill to appellee constitute a novation? ▮▮ "Generally, where one obligation is discharged by the

acceptance of an order or a draft on a third person, a novation results." 66 C. J. S., Novation, Section 18, page 705. ██ ██ The appellant agreed to accept the check of appellee, that is, to substitute a new debtor. Such assent was essential. 39 Am. Jur. 264, Novation, Section 19. Likewise, appellee assumed to discharge his sister-in-law's debt. Such assumption was essential. "In order to constitute a contract of novation by the substitution of a new debtor, the latter must participate in and consent to the arrangement and thereby assume the discharge of the obligation to the creditor. Without such consent by the new debtor, the creditor can have no action against him, since there is, in such case, no privity between them." 39 Am. Jur. 263, Novation, Section 18.

The third question to be answered is whether or not Miss Johnson should have been consulted and given her consent to such payment.

██ While generally it is necessary that the original debtor should be consulted and should consent to the new arrangement, "there are decisions where such concurrence is not required * * *". 66 C. J. S., Novation, Section 18, page 700. See also Note in 39 Am. Jur. 263, Novation, Section 18, where it is said: "Ordinarily, the necessity of such consent is not stressed, since there is a presumption of his (the original debtor's) consent to such act for his benefit, although he may be said to have a right of disclaimer."

In American Blakeslee Mfg. Company v. Martin & Son, 128 Miss. 302, 91 So. 6, it was said: "The rule is well settled that the release of one debtor and the substitution of another may be implied from the facts and circumstances, though no express substitution is shown."

In F. I. Somers & Sons, Inc. v. R. A. Le Clerc, 110 Vt. 408, 8 A. (2d) 663, 124 A. L. R. 1497, where a daughter promised to pay her mother's indebtedness, it was held that, in view of the relationship of the parties, their living together, the mother's inability to pay, and the length of time that elapsed, the jury could have rightfully

inferred that the daughter's assumption of her mother's debt was either authorized or subsequently ratified by her mother.

Miss Johnson was the appellee's sister-in-law. Her failure to pay her bill for five or six weeks indicated her inability to do so. Suit was not filed until July 23, 1949, nearly five months later. No evidence of repudiation or disclaimer appears in the record. Such circumstances, undisputed, warranted the inference that she either authorized, or subsequently ratified, the appellee's payment of her indebtedness.

In addition to what has already been said, "A novation is good consideration for a bill or note." 7 Am. Jur. 941, Bills and Notes, Section 246. And, "A check is a bill of exchange drawn on a bank payable on demand." Section 226, Code of 1942. Cf. also Note, Novation of Indebtedness, L. R. A. 1918C, 548.

It follows that the trial judge was in error in sustaining the motion to exclude the evidence and in directing a verdict for appellee, which error necessitates a reversal of the case.

Reversed and remanded.

**Alexander, Hall, Kyle** and **Arrington, JJ.**, concur.