## MORTON v. SAMUELS.

### No. 12678.

Court of Civil Appeals of Texas.

San Antonio.

April 7, 1954.

Rehearing Denied May 5, 1954.

Gordon Gibson, Laredo, for appellant.

W. W. Allen and Raymond J. Goodman, Laredo, for appellee.

NORVELL, Justice.

This is a suit upon a promissory note executed by Morton and payable to the order

of Samuels. The salient facts of the controversy are succinctly stated in the findings of fact of the trial judge, from which the following statement is taken.

Joe Villareal was indebted to appellee, Thomas Samuels, and his partner, Oscar Bruni, in the sum of $2,100, which was evidenced by a past due note. On April 3, 1950, Villareal was adjudicated a bankrupt, in accordance with a petition filed August 13, 1949. Also, on that date the appellant, at the request of Villareal, signed a note for $2,100, payable to the order of appellee, Samuels, and due one year after date. This is the note upon which the judgment is based and was given to Villareal by Morton for the purpose of delivering the same to Samuels. Villareal was instructed to tell Samuels that he should hold the note until the bankruptcy was settled and whatever was collected through bankruptcy should be credited upon the note. However, Villareal made an unconditional delivery of the note to Morton, who accepted it in full payment of Villareal's note which was thereupon delivered to Villareal. Neither Samuels nor his partner filed a claim in the bankruptcy court nor participated in the distribution of assets among Villareal's creditors made by the bankruptcy court. At the time of the execution of the note sued upon, Villareal was indebted to Morton in the sum of $18,100 and the latter had filed his claim in the bankruptcy proceedings.

The trial court concluded as a matter of law that Morton was estopped to question the validity of the indebtedness evidenced by the note, citing Ricketts v. Scothorn, 57 Neb. 51, 77 N.W. 365, 42 L.R.A. 794; 38 C.J.S., Gifts, § 55, p. 842, and 24 Am.Jur. 777, Gifts, §§ 93 and 94.

 It is urged that because of a lack of pleadings the judgment cannot be sustained upon the theory that appellant was estopped to show a lack of consideration. However that may be, we are of the opinion that although the issue of consideration was not directly passed upon by the trial judge in his conclusions of law, the facts found by him conclusively demonstrate that the note was based upon a valuable consideration and, accordingly, the judgment should be affirmed.

Article 5933, Vernon's Ann.Tex.Stats. (Sections 24 to 29, inclusive of the Negotiable Instruments Act), relates to the matter of consideration and reads as follows:

"Sec. 24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.

"Sec. 25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.

"Sec. 26. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time.

"Sec. 27. Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien.

"Sec. 28. Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.

"Sec. 29. An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

492

■ Samuels gave up a claim against Villareal in exchange for a claim against Morton. This constituted a consideration even though Morton may have been an accommodation maker of the note sued upon as Samuels was undoubtedly a "holder for value". Gauss-Lagenberg Hat Co. v. Alley, Tex.Civ.App., 154 S.W. 1062; Van Wormer v. Gallier, Tex.Civ.App., 196 S.W. 307; Potter v. Standard Inv. Co., Tex.Civ.App., 190 S.W.2d 161; Kiess v. Baldwin, 67 App. D.C. 147, 90 F.2d 392; Greenwood Leflore Hospital Commission v. Turner, 213 Miss. 200, 56 So.2d 496; 7 Am.Jur. 941, Bills & Notes, § 246.

■ Villareal occupied a position similar to that of a remitter with reference to the note, in that he procured Morton's execution thereof in order to deliver the same to Samuels in payment of his (Villareal's) indebtedness. Britton, Bills and Notes, § 75; Zollmann, Banks & Banking, § 47.22. On principal no distinction can be drawn as between the remitter and maker in this case, and co-indorsers in the case of Anderson v. Ladd, 131 Tex. 479, 115 S.W.2d 608, wherein it was held that when one co-indorser delivers a note to the payee, the law regards the delivery as having been made for the purpose of giving effect to the instrument according to its terms, and the contrary could only be shown by an agreement of the parties, *including the payee,* that delivery was for some other purpose. Morton's instructions to Villareal were neither known by nor agreed to by Samuels, and hence do not affect his rights as payee of the note.

From what has been said, we do not mean to infer that all the necessary facts constituting an estoppel were not pleaded. We are of the opinion, however, that the case may be decided under the provisions of the

Negotiable Instruments Act and consequently place our decision upon that basis. Support for the judgment may likewise be found in the principle of estoppel, inasmuch as it appears that Morton, a large creditor of the bankrupt Villareal, for reasons deemed sufficient to himself, delivered to Villareal his note payable to Samuels. This note was used to settle the debt owed by Villareal to Samuels. If it were so used, contrary to certain instructions given to Villareal, but uncommunicated to Samuels, the fault lies with appellant as maker of the note rather than with appellee the payee.

The judgment appealed from is affirmed.

### On Motion for Rehearing.

In our original opinion, we did not hold that Samuels, the payee in the note sued upon, was a "holder in due course," but that he was a "holder for value." The distinction between the two terms used in the Negotiable Instruments Law is pointed out and discussed in Hoffer v. Eastland Nat. Bank, Tex.Civ.App., 169 S.W.2d 275.

We adhere to our holdings that this cause may be and properly should be disposed of by application of the provisions of the Negotiable Instruments Act, but at the insistence of appellant we have again examined the record with particular reference to the theory of estoppel upon which the trial court based its judgment. However, we remain of the opinion that the factual allegations of the pleadings and the evidence adduced thereunder are legally sufficient to support the judgment rendered upon the estoppel theory set forth in the trial judge's conclusions of law.

Appellant's motion for rehearing is overruled.