## MISSISSIPPI MOTOR FINANCE, INC. *v.* ENIS

No. 43746          January 17, 1966          181 So. 2d 903

*Scribner & Brewer,* Tupelo, for appellant.

*Dudley R. Carr,* Tupelo, for appellee.

GILLESPIE, P. J.

Mississippi Motor Finance, Inc. sued Bill Enis for the balance due on a conditional sales contract payable in installments. The issue presented to the jury was whether there was a contract of novation whereby another person was substituted, and defendant released from liability. The jury found for defendant, and plaintiff appealed.

The question for our decision is whether the evidence justified the jury in finding that the parties entered into a contract of novation. We hold that the defendant failed to offer evidence that plaintiff agreed to release defend-

ant and that the evidence did not present a jury issue as to whether there was a contract of novation.

The facts are stated in the light most favorable to defendant in whose favor the jury found.

On June 22, 1962, defendant purchased a 1962 Rambler from Safety Motors, a partnership composed of W. H. Cooper and himself, used car dealers. Defendant executed to Safety Motors a conditional sales contract for $4,172.80, payable in twenty-four monthly installments. Failure to pay any installment accelerated the entire debt. The conditional sales contract was assigned by Safety Motors, acting through W. H. Cooper, to plaintiff, with recourse. In November, 1962, the partnership was dissolved, and defendant was released from further responsibility as a partner. Thereafter Safety Motors continued to operate under the sole ownership of Cooper. In the dissolution of the partnership defendant was not released from liability under the conditional sales contract for the 1962 Rambler.

Defendant made payments on the conditional sales contract from July, 1962, through August, 1963, totalling $2,365.30.

On June 28, 1963, defendant purchased a 1963 Rambler from W. H. Cooper, doing business as Safety Motors, and executed to Safety Motors a conditional sales contract for the full purchase price. The contract did not show any trade-in or cash payment. Cooper had told a representative of plaintiff, prior to the purchase by defendant of the 1963 Rambler, that the trade would be made and that he, Cooper, would pay off the balance due on the 1962 Rambler when he sold it. A representative of plaintiff knew when the trade was consummated between Cooper, doing business as Safety Motors, and defendant, and that the 1962 Rambler was on the yard of Safety Motors after the transaction. As between Cooper and defendant it was agreed that Safety Motors would pay off the balance due on the 1962 Rambler, and

words to that effect were written by Cooper on the invoice. Plaintiff did not receive this invoice.

After the trade on June 28, 1963, two payments on the 1962 Rambler for the months of July and August, 1963, were made by defendant, but he testified that the money was furnished him by Cooper.

Cooper, doing business as Safety Motors, became financially involved in September, 1963, and went out of business. He sold the 1962 Rambler and failed to pay plaintiff. Plaintiff sued defendant Enis for the balance due on the conditional sales contract for the 1962 Rambler.

■■ ■ A novation involving substitution of debtors is a contract that (a) discharges immediately an existing contractual obligation, (b) creates a new contractual obligation by, (c) including as the new obligor a party who was not previously obligated. Greenwood Leflore Hosp. v. Turner, 213 Miss. 200, 56 So. 2d 496 (1951); Sussman, Wormser & Co. v. Sea Food Co., 127 Miss. 420, 90 So. 116 (1921); Turnpike Co. v. Gooch, 113 Miss. 50, 73 So. 869 (1916); 39 Am. Jur. *Novation* § 2 at 254-55 (1942); Restatement, Contracts § 424 (1932). ■■ ■ The contract of novation is a mutual undertaking among all parties concerned.

In order to establish his affirmative defense of novation, it was necessary for defendant Enis to prove (a) that he, Enis, was immediately discharged from the obligation to pay the debt evidenced by the conditional sales contract for the 1962 Rambler, (b) a new contractual obligation was created between plaintiff and Cooper, whereby Cooper would become liable to plaintiff, and (c) that Cooper was not previously obligated to plaintiff on the conditional sales contract for the 1962 Rambler.

There was no express agreement that Enis was released from payment of the debt, evidenced by the conditional sales contract, for the purchase of the 1962 Rambler. No new contractual obligation between Cooper

as debtor and plaintiff as creditor was created in connection with the trade between Cooper and Enis, whereby Enis turned over the 1962 Rambler to Cooper, and purchased a 1963 Rambler. Cooper was already liable to plaintiff on the 1962 contract by reason of his assignment thereof with recourse. For the same reason, defendant failed to prove that Cooper was not previously obligated on the 1962 contract. We find no evidence of an express contract of novation.

It remains to be determined whether the circumstances attending the transaction between Cooper and Enis on June 28, 1963, and the conduct of the parties, then and thereafter, justified the jury in finding that a novation was established by implication. This court held in American Blakeslee Mfg. Co. v. Martin & Son, 128 Miss. 302, 91 So. 6 (1922) that novation may be implied where the facts and circumstances demonstrate that it was the intention of the parties to substitute one party for another. The facts in that case are entirely different from the present case. The circumstances relied upon by Enis as establishing a novation by implication include the fact that Cooper told the manager of plaintiff that he was going to trade with Enis and that he, Cooper, would pay off the indebtedness on the 1962 Rambler. The manager of plaintiff knew the trade was made, and knew the 1962 Rambler was on Safety Motors' lot. The agreement between Cooper and Enis was that Cooper would sell the 1962 Rambler, pay off the indebtedness due plaintiff, and pay over any balance to Enis. Plaintiff's manager talked to Cooper a number of times after the trade between Cooper and Enis, and requested Cooper to pay off the balance due on the 1962 Rambler. The conditional sales contract involved in this case was one of many Cooper had assigned to plaintiff, and a representative regularly went over these accounts with Cooper. The payments for the months of July and August were made by Enis, although Cooper furnished

Enis the money. We are of the opinion that all that was said and done by the parties was consistent with Enis' remaining liable for the indebtedness on the 1962 Rambler. The evidence did not justify a finding of novation by implication. Plaintiff continued to hold the original conditional sales contract. There was no new document signed. The agreement between Cooper and Enis that Cooper was to pay the balance on the contract and plaintiff's knowledge of it was no proof that plaintiff intended to release Enis. We hold that the plaintiff was entitled to a peremptory instruction and a judgment for the amount sued for.

For the reasons stated the case is reversed, and judgment entered here for the plaintiff for the balance due on the 1962 contract, plus interest and attorneys' fees.

Reversed and rendered.

*Rodgers, Jones, Brady and Inzer, JJ.,* concur.