REA *v.* UNDERWOOD.

(Division B. Jan. 22, 1934.)

[152 So. 272. No. 30998.]

**Barbour & Henry,** of Yazoo City, and **Fulton Thompson,** of Jackson, for appellant.

Wise & Bridgforth, of Yazoo City, and L. Barrett Jones, of Jackson, for appellee.

Argued orally by **L. J. Wise,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On April 3, 1928, L. A. Underwood and wife, Mrs. Bettie W. Underwood, executed a deed of trust to the Building & Loan Association of Jackson, Mississippi, to secure the payment of one thousand nine hundred dollars, borrowed from said association; said loan to be payable in monthly installments, and to bear interest at the rate of eight per cent. per annum. One of the clauses of this deed of trust provides: "And it is distinctly understood that this deed of trust shall be a continuing security for said indebtedness and any renewal or extension thereof or further advances or other indebtedness, however evidenced, that the buildings on said land shall be kept insured," etc. Another clause provides that: "The giving or taking hereafter of any other or additional security to secure any indebtedness herein referred to or hereafter contracted by us with said Building & Loan Association during the life of this deed of trust shall not be construed as a waiver of the lien of this deed of trust."

On the 22d day of August, 1929, L. A. Underwood and wife, Bettie W. Underwood, executed another deed of trust to the Jackson Building & Loan Association to secure a note for one thousand five hundred dollars upon a different piece of property from that embraced in the first deed of trust; providing for monthly payments of twenty-two dollars, and containing the same clauses as are quoted from the first deed of trust. Subsequent to the execution of this deed of trust, L. A. Underwood died testate, making his wife sole beneficiary and executrix, and she took out letters of administration and published notice to creditors. The Building & Loan Association did not probate its claim against the estate of L. A. Underwood.

On May 6, 1931, Mrs. Bettie W. Underwood, one of the grantors in the deed of trust, executed a deed to her daughter, Mrs. Ethel U. Moore, the recited consideration being the assumption by Mrs. Moore of all indebtedness on the property and the payment of taxes, and conveying the same property conveyed in the second deed of trust from L. A. and Bettie W. Underwood to the Jackson Building & Loan Association. Prior to the execution of this deed, but in pursuance of an arrangement between Mrs. Bettie W. Underwood and Mrs. Ethel U. Moore, for Mrs. Underwood to convey to Mrs. Moore said land, the said Mrs. Ethel U. Moore and her husband, George Moore, executed a deed of trust to the Jackson Building & Loan Association on April 16, 1931, the date of the acknowledgment not appearing in the record, conveying the same land as described in the deed from Mrs. Underwood to Mrs. Moore; said deed of trust reciting that: "Whereas, Mrs. Ethel U. Moore and George Moore, owe the Building and Loan Association of Jackson, Mississippi, the sum of one thousand dollars borrowed money, evidenced by their certain promissory note of even date herewith, bearing interest at the rate of eight per cent per annum from date, the principal and interest payable in monthly installments on the 16th day of each and every month hereafter, secured in addition to this deed by the hypothecation of certain share of stock in said Association. And whereas we are anxious to secure the payment of said indebtedness when due in monthly installments and also any further sums which may be advanced and not specifically mentioned herein, and any other sum or sums we may owe said The Building & Loan Association of Jackson, Mississippi, or holder of said note."

In this deed of trust from Mrs. Ethel U. Moore and husband to the Building & Loan Association, there was no recital of any other security, nor any reference to the original deed of trust in 1928 given by L. A. Underwood

and wife. The deed of trust given by Mrs. Ethel U. Moore and husband to the Building & Loan Association also contained the same stipulations as were recited in the first deed of trust given by L. A. Underwood and wife to the Building & Loan Association.

Prior to the giving of the deed of trust by Mrs. Ethel U. Moore and husband, it was desired by them to change the monthly payments in amount, and to execute a new deed of trust with reduced monthly payments, and in order to accomplish this, the Building & Loan Association required them to reduce the debt assumed by Mrs. Ethel U. Moore, and this being done, the account of L. A. Underwood and wife on the second mortgage, was credited with the cash payment; but instead of delivering up the said deed of trust and note securing same, the Building & Loan Association placed the papers in an inactive file.

There was a conflict in the evidence as to whether it was understood between the Building & Loan Association, Mrs. Bettie W. Underwood and Mrs. Ethel U. Moore, that the note and deed of trust of Mrs. Moore and husband would extinguish the note and deed of trust assumed by them on the property.

Mrs. Ethel U. Moore, after making some payments, became in default, and the trustee in the deed of trust, being the same trustee in both the second deed of trust given by L. A. Underwood and wife to the Building & Loan Association, and that given by Mrs. Ethel U. Moore and husband to said association, advertised and sold the land conveyed in these trust deeds, and the Building & Loan Association became the purchaser for five hundred dollars. The property sold had been appraised at two thousand six hundred dollars, but owing to the financial condition sold for only five hundred dollars.

After this sale and purchase, the Building & Loan Association charged on its books the balance due on the note

of Mrs. Ethel U. Moore and husband to the original mortgagee debt under the first deed of trust given by L. A. Underwood in April, 1928; this deed of trust not having been paid off.

Mrs. Bettie W. Underwood went to the Building & Loan Association's office, and tendered the amount of the balance, about six hundred dollars, due on the original loan, and demanded a surrender of same, which the Building & Loan Association refused to do. Thereupon, Mrs. Bettie W. Underwood filed this suit, setting out the execution of said deeds of trust, the assumption by Mrs. Moore, and the arrangement of the novation. It was alleged in the bill, and admitted in the answer, that the Building & Loan Association relied upon the clauses quoted above in the original deed of trust as giving them authority to charge the property conveyed in the first deed of trust given in 1928 with the debt evidenced by the second deed of trust given in 1929.

The chancellor held, from the facts in the record, and the method by which the books of the Building & Loan Association were kept in reference to the matter, that there was a novation by Mrs. Ethel U. Moore by which she was substituted as debtor to the Building & Loan Association, and the other property was released by said novation.

There being a conflict, as stated, we think the chancellor was warranted in finding that there was a novation under the authority of American Blakeslee Mfg. Co. v. Martin & Son, 128 Miss. 302, 91 So. 6, and other decisions.

In addition to the conflict in the oral testimony bearing on the agreement, the clause first quoted from the deed of trust given by Mrs. Ethel U. Moore and husband to the Building & Loan Association showed the hypothecation of certain shares of stock in the association as security therefor.

If the "grab all" clauses in the two deeds of trust given

by L. A. Underwood and wife to the Building & Loan Association would have the effect of carrying the security embraced in the original deed of trust to the second deed of trust, we think it would not preclude the finding of the chancellor from the recital of this deed of trust that there was a novation of debtors and securities.

It is unnecessary now to decide the effect of the recitals in the first deed of trust upon the security in the second, the second deed of trust having named specific property conveyed to secure the debt thereby made; or whether the taking of the second deed of trust with different security without mention of the first deed of trust or the property therein as additional security.

The letter of the attorney approving the abstract sent to the Building & Loan Association, and introduced in evidence, would not be binding upon Mrs. Bettie W. Underwood or Mrs. Ethel U. Moore, as they are not shown to have seen such letter at the time it was transmitted. It would appear, however, from the letter and abstract sent, that it was necessary to leave the second deed of trust in full effect on account of the indebtedness of L. A. Underwood, deceased, his estate at the time not having been fully administered.

We find no reversible error, and the judgment will be affirmed.

Affirmed.