**BELFIORE v. B. J. CRIVELLA, Inc.**
**No. 621.**

Municipal Court of Appeals for the District of Columbia.

July 22, 1948.

Charles H. Quimby, of Washington, D. C., for appellant.

Joseph D. Bulman, of Washington, D. C. (Sidney M. Goldstein, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, HOOD, Associate Judge, and QUINN, Associate Judge, The Municipal Court for the District of Columbia, sitting by designation.[1]

HOOD, Associate Judge.

This is an appeal from a judgment on a promissory note. The defense was lack of consideration. Both parties moved for a directed verdict at the close of the evidence. The trial court denied the motions and submitted the issue of consideration to the jury. There was a verdict for the defendant. On motion of plaintiff the trial court set aside the verdict and ordered judgment for plaintiff under Municipal Court Rule 46(b), substantially the same as Federal Rules of Civil Procedure, rule 50(b), 28 U.S.C.A. following section 723c. Defendant contends that this was error.

---

[1] Code 1940, Supp. V, 11—771.

Defendant's testimony was that Mr. Crivella, president of plaintiff corporation, and Mrs. Belfiore, defendant's wife, agreed to jointly purchase some unimproved real estate; that the contract to purchase was signed by Mrs. Belfiore alone but she and Crivella each paid one-half of the cash deposit of $1,000 required by the contract; that Crivella failed to furnish his half of the additional cash required for settlement of the contract and Mrs. Belfiore was compelled to pay the entire amount of $5,211.-50; that title to the land was conveyed to Mrs. Belfiore and she and defendant signed promissory notes representing the deferred purchase money; that after settlement of the contract defendant called upon Crivella to reimburse Mrs. Belfiore for one-half of the money she had paid; that some argument ensued and finally Crivella suggested that either he or Mrs. Belfiore purchase the interest of the other in the property; that Crivella offered to purchase Mrs. Belfiore's interest for $3,000 plus the cash she had advanced; that defendant refused the offer but agreed that Mrs. Belfiore would purchase Crivella's interest; that the agreement was that Crivella would receive for his interest the return of his deposit of $500, together with $1,000 cash, and defendant's note for $2,500 payable in six months; that Crivella was given Mrs. Belfiore's check for $1,500 and defendant's note for $2,500. The note, which is the note in suit, and Mrs. Belfiore's check were both made payable to B. J. Crivella, Inc., the plaintiff corporation. The check bore this notation: "refund on deposit $500.00 part payment 1000.00 on 3500 profit on A & R Rock Creek Knoll."

On the basis of the foregoing defendant contends there was no consideration for his execution of the note. It is argued that because Crivella and plaintiff corporation, for whom Crivella was acting, breached the agreement by failing to pay one-half the money necessary to complete the purchase that neither plaintiff nor Crivella ever acquired an interest in the property and therefore had no interest to sell. This contention is not consistent with defendant's testimony. Defendant, who act-

ed for his wife throughout the entire transaction, testified that the original agreement was that Crivella would buy a half interest in the property; that when Crivella paid one-half of the deposit and Mrs. Belfiore signed the contract Crivella was a half owner; that defendant demanded that Crivella reimburse Mrs. Belfiore for one-half of the settlement money because Crivella was half owner; and that defendant considered Crivella a partner in the deal. It is plainly evident that from the time of signing the contract of purchase until the giving of the check and note defendant and his wife recognized that Crivella had an interest in the land and that the check and note were given in consideration of his relinquishment of such interest. It is not necessary to determine with legal nicety just what that interest was. Crivella claimed an interest in the land and there is not the slightest evidence that he did not honestly and reasonably believe his claim to be a valid one. Moreover defendant did not then question the validity of the claim. The relinquishment of such a claim constituted sufficient consideration. Cf. Restatement, Contracts, § 76(b).

It is further argued that even if relinquishment of the claim was valid consideration, nevertheless the claim was for an interest in land purchased and owned by Mrs. Belfiore, and that defendant received nothing as consideration for his execution of the note. According to defendant's testimony his wife was very much upset over Crivella's actions and defendant agreed to pay $2,500 and signed the note therefor in order to give his wife peace of mind. Whatever may have been his motive, defendant executed the note in partial consideration of Crivella giving up his interest in the land. This was valid consideration for the note. It matters not that the consideration from Crivella passed to defendant's wife. Restatement, Contracts, § 75 Comment e. Cf. Kiess v. Baldwin, 67 App.D.C. 147, 90 F.2d 392.

It is also argued that any interest in the land was held by Crivella individually and consequently there was no consideration for the note to plaintiff corporation. Criv-

ella testified that throughout the transaction he was acting for the corporation of which he was president. However, this is not material. If Crivella had the interest in the land, he had the right in receiving the note in exchange for that interest to designate the corporation as .payee. Mazo v. Ed. L. Stock, Inc., D.C.Mun.App., 31 A.2d 660.

Considering the evidence in the light most favorable to defendant, such evidence disclosed as a matter of law that the promissory note was executed upon valid and sufficient consideration. Lack of consideration being the only defense, the trial court was correct in ordering judgment for the plaintiff.

Affirmed.